# EXHIBIT 1

| | |
|---|---|
| 1  WILLIAM M. SHERNOFF #38856 | |
| 2  SAMUEL L. BRUCHEY #271995 | |
|    SHERNOFF BIDART | FILED |
| 3  ECHEVERRIA BENTLEY, LLP  A6015 | Superior Court of California |
|    301 N. Canon Drive, Suite 200 | County of Los Angeles |
| 4  Beverly Hills, CA 90210  9138 | |
| 5. Telephone: (310) 246-0503 | AUG 2 7 2015 |
| 6  Facsimile: (310) 246-0380  DEPT · 42 | Sherri R. Carter, Executive Officer/Clerk |
| | By_____, Deputy |
| 7  HOLLY E. | Judi Lara |
| | KENDIG |
| 8  Attorneys for Plaintiffs | |

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| THE 2001 BENTLEY FAMILY TRUST, and JENNIFER BENTLEY, as trustee | Case No.: **BC 592884** |
| Plaintiffs, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | 1. BREACH OF CONTRACT |
| UNITED OF OMAHA LIFE INSURANCE COMPANY; and DOES 1 to 50, inclusive, | 2. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING |
| Defendants. | 3. VIOLATION OF BUSINESS & PROFESSIONS CODE 17200, ET SEQ. |

COMPLAINT & DEMAND FOR JURY TRIAL

## I. INTRODUCTION

1. This case arises from the unfair and unlawful lapse of a life insurance policy issued to Eric Bentley by United of Omaha Life Insurance Company (Omaha).

2. Mr. Bentley purchased the policy in February 2001. He paid premiums over the next 13 years.

3. During that time, Omaha sent confusing and contradictory notifications, failed to allow Mr. Bentley to designate a third party to receive lapse notifications, and ignored California lapse protection statutes.

4. Despite Mr. Bentley's determined efforts to keep coverage in force, Omaha improperly lapsed the policy in October 2014. He died two weeks later.

5. After his death, Omaha refused to pay policy benefits.

6. Mr. Bentley's widow, Jennifer Bentley, is trustee of the family's trust, which had been the sole beneficiary of Mr. Bentley's policy. She and the trust bring this lawsuit to recover benefits due on the policy, and hold Omaha accountable for improperly terminating coverage.

## II. THE PARTIES

7. The 2001 Bentley Family Trust was entered into in Los Angeles, California. It is the beneficiary of the insurance policy at issue in this matter.

8. Jennifer Bentley is the trustee of that trust. She is Eric Bentley's widow. She is a resident of Los Angeles, California.

9. United of Omaha Life Insurance Company is an insurance company licensed to conduct the business of insurance in California. Its corporate headquarters are located in Omaha, Nebraska.

10. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 50 inclusive are unknown to plaintiffs, who therefore sue these defendants by such fictitious names. Plaintiffs allege upon information and belief that each of the DOE defendants is legally responsible in some manner for the events and happenings referred to herein and will ask leave of this court to amend this complaint to insert the true name and capacity of each DOE defendant when that information becomes known.

2

COMPLAINT & DEMAND FOR JURY TRIAL

11. At all relevant times, defendants were the agents and employees of each of the remaining defendants and were at all times acting within the purpose and scope of said agency and employment, and each defendant has ratified and approved the acts of his agent.

### III. FACTUAL BACKGROUND

12. In February 2001, Omaha issued a $1 million life insurance policy to Eric W. Bentley. (Policy No. BU1083350) A true and correct copy of this policy is attached to this Complaint as Exhibit A.

13. Mr. Bentley named the 2001 Bentley Family Trust as beneficiary of the policy. His wife, Jennifer Bentley, was appointed trustee of the trust.

14. The policy identifies itself as a "Term Insurance Annually Renewable to Age 95."

15. The policy renews each year. Under the Premiums and Reinstatement section, the policy defines **Renewal Privilege** as follows: This policy may be renewed for successive one-year periods until the expiration date shown on page 3.

16. The policy identifies its expiration date as February 28, 2060.

17. The policy defines the Grace Period as follows: We will allow a grace period of 31 days for the payment of each premium except the first. This policy will remain in force during the grace period. If the Insured dies on the premium due date or during the grace period, the premium for the policy month in which death occurs will be deducted in determining the death benefit.

18. The policy contains a definition of **Nonpayment of Premiums**, which states: If any premium is not paid by the end of the grace period, this policy will terminate as of the due date. You may reinstate this policy to a premium-paying basis by meeting the requirements of the Reinstatement provision.

19. Over the next 13 years, Mr. Bentley paid the premiums on time and in full.

20. Accordingly, the policy renewed each year, and coverage remained in force without interruption.

21. On October 28, 2014, Omaha terminated coverage. A copy of this notice is attached to this Complaint as Exhibit B.



3

COMPLAINT & DEMAND FOR JURY TRIAL



22. Mr. Bentley died on November 7, less than two weeks after the policy unlawfully terminated.

23. At no time prior to its termination did Omaha provide Mr. Bentley with the opportunity to designate someone to receive notification of pending lapse.

24. At no time prior to its termination did Omaha send Mr. Bentley, or a third-party designee, with a notification of pending lapse that identified the date coverage would terminate or that otherwise complied with California law.

25. Omaha terminated coverage without notifying a third party designee about premiums owed or the pending lapse.

26. At the time of his death, Mr. Bentley and Jennifer Bentley were going through a divorce. Although the terms of the divorce had not been finalized, the couple had agreed that the insurance policy would remain in place and be used to support their children. Further, the California family law court had ordered that the insurance policy remain in force.

27. After Mr. Bentley's death, his widow Jennifer Bentley contacted Omaha and submitted a claim for benefits. Omaha informed her that no benefits were payable on the policy.

28. As a result of the denial, Ms. Bentley and her children have suffered considerable financial and emotional harm, in an amount to be proven at the time of trial.

## IV. FIRST CAUSE OF ACTION: BREACH OF CONTRACT

29. Plaintiffs refer to all preceding paragraphs and incorporate them as though set forth in full in this cause of action.

30. Omaha breached the terms of the policy by improperly terminating Mr. Bentley's policy, and thereby denying plaintiffs of benefits under the policy.

31. Plaintiffs are informed and believe and thereon allege that Omaha breached the terms and provisions of the policy by other acts or omissions of which plaintiffs are presently unaware and which will be shown according to proof at the time of trial.

32. As a direct and proximate result of Omaha's conduct and breach of its contractual obligations, plaintiffs have suffered damages under the policies in an amount to be determined according to proof at the time of trial, plus interest and other foreseeable and

4

COMPLAINT & DEMAND FOR JURY TRIAL

1 incidental damages according to proof, and in amounts to be determined at the time of trial.

## V. SECOND CAUSE OF ACTION: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

33. Plaintiffs refer to all preceding paragraphs and incorporate them as if set forth in full in this cause of action.

34. In every insurance policy there exists an implied duty of good faith and fair dealing that the insurance company will not do anything to injure the right of the insured to receive the full benefit of the policy. Omaha breached its duty of good faith and fair dealing owed to plaintiffs in the following ways:

   a. Failing to provide timely notifications regarding premiums owed and pending lapse of the policy at issue in this matter;

   b. Failing to timely invite Mr. Bentley to designate a third party to receive lapse notices;

   c. Failing to properly and lawfully notify a third party designee about the impending and eventual lapse of the policy;

   d. Failing to abide by Insurance Code sections 10113.71 and 10113.72 at all times after their enactment;

   e. Omaha breached its duty of good faith and fair dealing by other acts or omissions of which plaintiffs are presently unaware but which will be shown according to proof at trial.

35. As a proximate result of the aforementioned unreasonable conduct of Omaha, plaintiffs suffered and will continue to suffer damages in an amount to be proven at trial.

36. As a further proximate result of the unreasonable conduct of Omaha, plaintiffs were compelled to retain legal counsel to institute litigation to obtain the full and fair benefit of the insurance Mr. Bentley purchased. Omaha therefore is liable for those attorney fees, witness fees and litigation costs reasonably incurred in order to obtain the full benefit.

5

COMPLAINT & DEMAND FOR JURY TRIAL

37. Omaha's conduct described herein was intended to cause injury to plaintiffs and/or was despicable conduct carried out with a willful and conscious disregard of the rights of plaintiffs and/or its insureds. Said conduct subjected plaintiffs to cruel and unjust hardship in conscious disregard of her rights and/or was an intentional misrepresentation, deceit or concealment of material facts known to Omaha with the intention to deprive plaintiffs of property, legal rights or to otherwise cause injury. Said conduct thus constitutes malice, oppression or fraud under California Civil Code section 3294, thereby entitling plaintiffs to punitive damages in an amount appropriate to punish or set an example of Omaha.

## VI. THIRD CAUSE OF ACTION: VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 ET SEQ.

(Brought by plaintiff Jennifer Bentley against defendants Omaha, and DOES 1-50)

38. Plaintiffs refer to all preceding paragraphs and incorporate them as if set forth in full in this cause of action.

39. On behalf of herself and the general public, plaintiff Jennifer Bentley brings this claim pursuant to Business and Professions Code section 17200, et seq. for unfair business practices. The conduct of Omaha as alleged in this complaint has been and continues to be unfair, unlawful and harmful to plaintiffs and the general public. Ms. Bentley seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

40. Plaintiff Jennifer Bentley is a "person" within the meaning of Business & Professions Code section 17204 and therefore has standing to bring this cause of action for injunctive relief, restitution and other appropriate equitable relief.

41. Business and Professions Code §17200, et. seq. prohibits unlawful and unfair business practices and precludes a person or entity from engaging in unfair competition, defined as business practices which are unlawful, unfair or fraudulent. Section 17203 permits the court in an action based on allegations of unfair competition to issue injunctive, restitutionary or other equitable relief.

6

COMPLAINT & DEMAND FOR JURY TRIAL

Doc# 1 Page# 6 - Doc ID = 1625750605 - Doc Type = OTHER

42. Omaha's violation of Business and Professions Code section 17200 includes engaging in the following unlawful, unfair or fraudulent business acts and practices:

   a. Failing to adequately notify policy owners and beneficiaries of potential lapse;
   b. Failing to adequately offer third-party designation on policy correspondence;
   c. Improperly lapsing coverage without notifying third party designees about premiums owed.

43. The unlawful, unfair and fraudulent practices alleged above are continuing in nature and are widespread.

44. Plaintiff and others similarly situated suffered injury in fact and lost money or property as a result of Omaha's unfair competition.

45. Omaha's acts of unfair competition present a continuing threat to the public's livelihood, welfare and finances, and plaintiff has no adequate remedy at law. Accordingly, unless Omaha is permanently enjoined and restrained by order of the court, the company will continue to commit acts of unfair competition and will continue to cause irreparable harm and injury to the public.

46. Plaintiff respectfully requests an injunction be issued against Omaha to enjoin it from continuing to engage in the unlawful conduct alleged herein.

47. Plaintiff respectfully requests the court order any other and further equitable relief deemed necessary by the court, including restitutionary relief, as a result of the unfair, unlawful and fraudulent practices alleged herein.

48. Plaintiff respectfully requests an award of attorney fees upon prevailing in this request for injunctive relief.

## VII. PRAYER FOR RELIEF

Plaintiffs pray for relief as follows:

1. For economic and foreseeable consequential damages, plus prejudgment interest, against defendant Omaha for breach of contract;




2. For economic and consequential damages, tort damages, including damages for mental and emotional distress, attorney fees, and punitive damages, plus prejudgment interest, for breach of the implied covenant of good faith and fair dealing;

3. For injunctive relief, restitution, attorney fees, and all other equitable relief deemed proper by the court against defendants Omaha and DOES 1-50 for violation of Business & Profession's Code section 17200;

4. For such other and further relief as the court deems just and proper.

Dated: August 26, 2015

SHERNOFF BIDART
ECHEVERRIA BENTLEY, LLP

By: _____
WILLIAM M. SHERNOFF
SAMUEL L. BRUCHEY
Attorneys for Plaintiffs

JURY DEMAND

Plaintiffs hereby demand a jury trial on all causes of action that can be heard by a jury.

Dated: August 26, 2015

SHERNOFF BIDART
ECHEVERRIA BENTLEY, LLP

By: _____
WILLIAM M. SHERNOFF
SAMUEL L. BRUCHEY
Attorneys for Plaintiffs

8

COMPLAINT & DEMAND FOR JURY TRIAL