UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-7870-DMG (AJWx)** | Date | June 22, 2016 |
| Title | *Jennifer Bentley v. United of Omaha Life Insurance Company et al.* | Page | 1 of 12 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANT'S MOTION TO DISMISS [22]**

## I.
## INTRODUCTION

On December 4, 2015, Plaintiff Jennifer Bentley[1] filed a First Amended Class Action Complaint ("FAC") against Defendant United Omaha Life Insurance Company ("United") alleging claims for (1) breach of contractual duty to pay a covered claim; (2) breach of the implied covenant of good faith and fair dealing; and (3) violation of Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"). [Doc. # 16.][2]

On January 15, 2016, United filed a Motion To Dismiss Plaintiff's First Amended Complaint or, in the Alternative, To Strike the Class Allegations. [Doc. # 22.][3] On February 4, 2016, Plaintiff filed an opposition. [Doc. # 24.] On February 19, 2016, United filed a reply. [Doc. # 25.]

Having duly reviewed the parties' written submissions, the Court now renders its decision.

---

[1] On December 15, 2015, the Court granted the parties' stipulation to dismiss The 2011 Bentley Family Trust as a plaintiff in this action. [Doc. # 19.]

[2] Plaintiff's original class action complaint was filed in the Los Angeles County Superior Court on August 27, 2015. On October 7, 2015, United removed the action to this Court on the basis of diversity jurisdiction. [Doc. # 1.]

[3] In connection with the motion to dismiss, United requests the Court take judicial notice of the legislative history of California Assembly Bill 1747. [Doc. # 23.] The Court **DENIES** United's request because the Court did not rely upon the documents to resolve the motion to dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-7870-DMG (AJWx)** | Date | June 22, 2016 |
| Title | *Jennifer Bentley v. United of Omaha Life Insurance Company et al.* | Page | 2 of 12 |

## II.
## FACTUAL ALLEGATIONS[4]

In February 2001, United issued a $1 million life insurance policy (the "Policy") to Eric W. Bentley (the "Insured"). FAC ¶ 11, Ex. A. The Insured named The 2011 Bentley Family Trust as the beneficiary of the Policy. *Id.* ¶ 12. Plaintiff is the trustee of the trust. *Id.*

The Policy is entitled "Term Insurance Annually Renewable to Age 95." *Id.* ¶ 13. The Policy states that it "may be renewed for successive one-year periods until the expiration date showed on page 3." *Id.* ¶ 14. The expiration date is February 28, 2060. *Id.* ¶ 15. The payment of premiums is required to keep the Policy in force. *Id.* ¶ 17.

During the course of the next 13 years, the Insured paid the premiums on time and in full. *Id.* ¶ 18. On October 28, 2014, United terminated coverage due to nonpayment of premium. *Id.* ¶ 20, Ex. B. On November 7, 2014, the Insured died. *Id.* ¶ 21.

Following the Insured's death, Plaintiff contacted United and submitted a claim for benefits. *Id.* ¶ 26. United informed Plaintiff that no benefits were payable on the Policy. *Id.*

Plaintiff alleges that United unlawfully terminated the Policy because: (a) at no time prior to its termination did United provide the Insured with the opportunity to designate someone to receive notification of the pending lapse; (b) at no time prior to its termination did United send the Insured, or a third party designee, with a notification of pending lapse that identified the date coverage would terminate or that otherwise complied with California law; and (c) United terminated coverage without notifying a third party designee about premiums owed or the pending lapse. *Id.* ¶¶ 22-24.

As a result, Plaintiff alleges she suffered financial and emotional harm. *Id.* ¶ 27. Plaintiff filed this action on behalf of herself and proposed class members who have been similarly injured. *Id.* ¶ 28.

---

[4] The Court accepts all material facts alleged in the FAC as true solely for the purpose of deciding the motion to dismiss.

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-7870-DMG (AJWx)** | Date | June 22, 2016 |
|---|---|---|---|

| Title | *Jennifer Bentley v. United of Omaha Life Insurance Company et al.* | Page | 3 of 12 |
|---|---|---|---|

## III.
## MOTION TO DISMISS

### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. A court may grant such a dismissal only where the plaintiff fails to present a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). On a motion to dismiss, a court can consider documents attached to the complaint, documents incorporated by reference in a complaint, or documents subject to judicial notice. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

To survive a Rule 12(b)(6) motion, a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). Although a pleading need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009). "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully" or "facts that are 'merely consistent with' a defendant's liability." *Id.*

In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964). Legal conclusions, in contrast, are not entitled to the assumption of truth. *Id*.

### B. Discussion

#### a. Plaintiff's Breach of Contractual Duty To Pay A Covered Claim

In 2012, the California Insurance Code enacted California Assembly Bill 1747 and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-7870-DMG (AJWx)** | Date | June 22, 2016 |
| Title | *Jennifer Bentley v. United of Omaha Life Insurance Company et al.* | Page | 4 of 12 |

created Sections 10113.71[5] and 10113.72[6] (the "Statutes"), which establish notice requirements and a grace period for the payment of life insurance premiums. *See* Cal. Ins. Code §§ 10113.71 and 10113.72. Effective January 1, 2013, an insurer is now required to mail notice of a pending lapse and termination of an individual life insurance policy at least 30 days prior to the effective date of termination for nonpayment of premium to the policy owner and a named designee. *See id.*

---

[5] Section 10113.71 provides in full:
**Grace periods not less than 60 days from premium due date; notice of termination of policy**
 (a) Each life insurance policy issued or delivered in this state shall contain a provision for a grace period of not less than 60 days from the premium due date. The 60-day grace period shall not run concurrently with the period of paid coverage. The provision shall provide that the policy shall remain in force during the grace period.
(b)(1) A notice of pending lapse and termination of a life insurance policy shall not be effective unless mailed by the insurer to the named policy owner, a designee named pursuant to Section 10113.72 for an individual life insurance policy, and a known assignee or other person having an interest in the individual life insurance policy, at least 30 days prior to the effective date of termination if termination is for nonpayment of premium.
(2) This subdivision shall not apply to nonrenewal.
(3) Notice shall be given to the policy owner and to the designee by first-class United States mail within 30 days after a premium is due and unpaid. However, notices made to assignees pursuant to this section may be done electronically with the consent of the assignee.
(c) For purposes of this section, a life insurance policy includes, but is not limited to, an individual life insurance policy and a group life insurance policy, except where otherwise provided.

[6] Section 10113.72 provides in full:
**Individuals to receive notice of lapse or termination of a policy; notification of right to change written designation**
 (a) An individual life insurance policy shall not be issued or delivered in this state until the applicant has been given the right to designate at least one person, in addition to the applicant, to receive notice of lapse or termination of a policy for nonpayment of premium. The insurer shall provide each applicant with a form to make the designation. That form shall provide the opportunity for the applicant to submit the name, address, and telephone number of at least one person, in addition to the applicant, who is to receive notice of lapse or termination of the policy for nonpayment of premium.
(b) The insurer shall notify the policy owner annually of the right to change the written designation or designate one or more persons. The policy owner may change the designation more often if he or she chooses to do so.
(c) No individual life insurance policy shall lapse or be terminated for nonpayment of premium unless the insurer, at least 30 days prior to the effective date of the lapse or termination, gives notice to the policy owner and to the person or persons designated pursuant to subdivision (a), at the address provided by the policy owner for purposes of receiving notice of lapse or termination. Notice shall be given by first-class United States mail within 30 days after a premium is due and unpaid.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-7870-DMG (AJWx)** | Date | June 22, 2016 |
| Title | *Jennifer Bentley v. United of Omaha Life Insurance Company et al.* | Page | 5 of 12 |

In particular, Section § 10113.71 provides, in pertinent part:

> (b)(1) A notice of pending lapse and termination of a life insurance policy shall not be effective unless mailed by the insurer to the named policy owner, a designee named pursuant to Section 10113.72 for an individual life insurance policy, and a known assignee or other person having an interest in the individual life insurance policy, at least 30 days prior to the effective date of termination if termination is for nonpayment of premium.

Cal. Ins. Code § 10113.71.

Section 10113.72 provides, in part:

> (a) An individual life insurance policy shall not be issued or delivered in this state until the applicant has been given the right to designate at least one person, in addition to the applicant, to receive notice of lapse or termination of a policy for nonpayment of premium. . . .
>
> (b) The insurer shall notify the policy owner annually of the right to change the written designation or designate one or more persons. . . .
>
> (c) No individual life insurance policy shall lapse or be terminated for nonpayment of premium unless the insurer, at least 30 days prior to the effective date of the lapse or termination, gives notice to the policy owner and to the person or persons designated pursuant to subdivision (a), at the address provided by the policy owner for purposes of receiving notice of lapse or termination.

Cal. Ins. Code § 10113.72.

The issue before this Court is whether the Statutes govern the Insured's Policy such that "the Insured's failure to make the necessary premium payment was excused by United allegedly failing to give proper notice of the impending lapse to a third person that the Insured may have wanted to designate to receive such notice." Mot. at 4 (emphasis in original). United argues that the Statutes do not apply to the Policy because "[f]or the Statutes to be read consistently, the third party notice provision can only be applied to policies issued after the Statutes' effective

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-7870-DMG (AJWx)** | Date | June 22, 2016 |
| Title | *Jennifer Bentley v. United of Omaha Life Insurance Company et al.* | Page | 6 of 12 |

date." Mot. at 10. It is undisputed that the Policy was issued before the Statutes came into effect. Plaintiff contends that United's interpretation of the Statutes is immaterial because "when an insurance policy is renewed, it incorporates statutory law in effect at that time, even if the policy was first issued before the statute's effective date." Opp. at 7. Plaintiff contends the Policy was renewed in 2013 and again in 2014, thereby incorporating the requirements of the Statutes into the Policy. *Id.* at 10. The Court examines both arguments.

### 1. Statutory Interpretation

"Where the state's highest court has not decided an issue, the task of the federal courts is to predict how the state high court would resolve it." *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1482 (9th Cir. 1986), *opinion modified on denial of reh'g*, 810 F.2d 1517 (9th Cir. 1987). In California, "[a] court's overriding purpose in construing a statute is to ascertain legislative intent and to give the statute a reasonable construction conforming to that intent." *See Leader v. Cords*, 182 Cal.App.4th 1588, 1596 (2010) (internal citations omitted). "In interpreting a statute to determine legislative intent, a court looks first to the words of the statute and gives them their usual and ordinary meaning." *Id.* If the statutory language is not ambiguous on its face, "we presume the Legislature meant what it said and the plain meaning of the statute governs." *Coburn v. Sievert*, 133 Cal. App. 4th 1483, 1496 (2005).

United argues that the Legislature's choice of the word "applicant" in subsection (a) of Section 10113.72 makes clear that the third party designee obligation only applies to new policies because an "applicant" refers to a person "*applying* for a policy; *i.e.*, the policy has not yet been issued to him." Mot. at 11 (emphasis in original). United acknowledges that subsection (b) of Section 10113.72, which requires the insurer to provide annual notice to the policy owner of the right to change or designate one or more persons, does not use the word "applicant" and therefore can be interpreted to apply to policies issued before the Statutes were enacted. *Id.* at 11 n.15. United asserts, however, that such an argument is refuted by the fact that subsection (c) of Section 10113.72, which states that a policy shall not lapse or terminate without notice, refers to a person "designated pursuant to subdivision (a)." *Id.* According to United, "the three subsections of the statute all clearly refer to the person who the <u>applicant</u> has the right to name" and therefore cannot be imposed on policies issued before the Statutes were enacted. *Id.* (emphasis in original). The Court disagrees.

The Court presumes that the Legislature meant what it said and therefore subsection (b) of Section 10113.72, by its plain language, applies to every individual life insurance policy issued and delivered in California. Nothing set forth in the text of subsection (b) limits the requirement of the annual notification to only those policy owners who designated a person pursuant to subsection (a). *See* Cal. Ins. Code § 10113.72(b). Moreover, the inclusion of the

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk <u>KT</u> |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-7870-DMG (AJWx)** | Date | June 22, 2016 |
| Title | *Jennifer Bentley v. United of Omaha Life Insurance Company et al.* | Page | 7 of 12 |

phrase "or designate one or more persons" in addition to "the right to change the written designation" suggests that subsection (b) was intended to apply to existing policy owners, who now have the opportunity to designate a person to receive notification of a pending lapse or termination. *Id.*

The language of Section 10113.72(c) does not support United's interpretation because to limit notice to only those individuals "designated pursuant to subsection (a)" would defeat the purpose of subsection (b), which allows a policy owner to change the designee. *See Wise v. Pac. Gas & Elec. Co.*, 77 Cal. App. 4th 287, 299 (1999) (A statute "must be given a reasonable and common sense interpretation consistent with the apparent purpose and intention of the lawmakers, practical rather than technical in nature, which upon application will result in wise policy rather than mischief or absurdity."). The reference to subsection (a) in Section 10113.72(c) simply provides context that the right to designate a third person to receive notice was established by subsection (a), but in no way limits notice to only those individuals designated at the time of application. The Court's interpretation of the Statutes is further supported by the public policy underlying the Statutes to protect consumers from losing insurance coverage if the premium is accidentally missed. To adopt United's interpretation would mean that the Statutes *never* apply to an existing policy issued before the effective date of the Statutes, no matter how far into the future that policy is extended. This leads to an absurd result, which the Legislature could not have intended. Accordingly, the Court finds the Statutes applicable to the Insured's Policy based on statutory construction principles.

### 2. Policy Interpretation

Plaintiff contends the Statutes apply to the Policy based on the renewal language contained in the Policy. According to Plaintiff, "each renewal of a policy incorporates any changes in the law that occurred prior to the renewal." Opp. at 6. A policy is "renewed" when "coverage is continued for an additional policy period upon expiration of the current policy period." *Id.* at. 6-7. In this case, the Policy states that it "may be renewed for successive-one year periods until the expiration date showed on page 3." FAC ¶ 14. The expiration date is February 28, 2060. *Id.* ¶ 15. Because the Insured paid his premiums through mid-2014, Plaintiff contends the Policy was renewed after the Statutes were enacted, thereby incorporating the Statutes into the Policy. Opp. at 8.

In support of the "renewal principal," Plaintiff cites *Modglin v. State Farm Mut. Auto. Ins. Co.,* 273 Cal. App. 2d 693 (1969). In *Modglin*, the insured purchased an automobile policy in Arizona which did not contain uninsured motorist coverage. *Id.* at 695. The insured subsequently moved to California and renewed the automobile policy in California by paying the premium in California. *Id.* at 696. The insured was killed in an automobile accident with an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-7870-DMG (AJWx)** | Date | June 22, 2016 |
|---|---|---|---|
| Title | *Jennifer Bentley v. United of Omaha Life Insurance Company et al.* | Page | 8 of 12 |

uninsured motorist. *Id.* at 696-97. At the time, California law required that all policies "issued and delivered" in California contain uninsured motorist coverage. *Id.* at 697-98. The insurance company denied coverage claiming the renewal of the policy in California did not constitute "issuance" or "delivery" of a policy in California. *Id.* at 699. The Court of Appeal disagreed, finding:

> [I]f we were to render the construction to the statute which the defendant submits and formulate a rule that the statute only applies to new policies, as distinguished from renewals of existing policies, the purpose of the Uninsured Motorist Law could be circumvented by the mere expedient of insurance carriers renewing their policies instead of issuing new ones. The Legislature never intended such a result.

*Id.* at 700.

United acknowledges that the Policy states that it "renews" every year, but claims the "renewal principle" is inapplicable to this case because it is only intended to apply to uninsured motorist statutes. Reply at 2-3. United further argues that the "renewal principle" should not apply to the Policy because doing so would cause the Statutes to be applied *de facto* retroactively, which is against the Legislature's intent. *Id.*

The "renewal principle" articulated in *Modglin* is applicable to this Policy. The Ninth Circuit recognized this principle outside the context of an uninsured motorist statute and therefore United's argument to the contrary is unavailing. *See Stephan v. Unum Life Ins. Co. of Am.*, 697 F.3d 917, 927 (9th Cir. 2012) ("Each renewal incorporates any changes in the law that occurred prior to the renewal.") (citing *Modglin* v. *State Farm Mut. Auto. Ins. Co.*, 273 Cal.App.2d 693, 700 (1969)). Furthermore, the "renewal principle" does not conflict with the well-established rule that a statute does not apply retroactively unless the Legislature intended otherwise. *Aetna Casualty v. Surety Co. v. Industrial Acc. Com.*, 30 Cal.2d 388, 393 (1947) ("It is an established canon of interpretation that statutes are not to be given a retrospective operation unless it is clearly made to appear that such was the legislative intent.") (citation omitted). The renewal of a policy incorporates changes in the law *prospectively* and applies to conduct that occurred after the Statutes were enacted. Here, accepting Plaintiff's allegations as true, because the Insured renewed the Policy after the Statutes were enacted by paying his premiums and extending the policy period, the Policy is subject to the provisions of the Statutes. FAC ¶ 18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-7870-DMG (AJWx)** | Date | June 22, 2016 |
| Title | *Jennifer Bentley v. United of Omaha Life Insurance Company et al.* | Page | 9 of 12 |

In sum, the Court concludes that the Statutes govern the Policy. Accordingly, the Court **DENIES** United's motion to dismiss Plaintiff's claim for breach of the contractual duty to pay a covered claim.

### b. Plaintiff's UCL Claim

The UCL prohibits "unfair competition," which it defines to include "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. It covers "anything that can properly be called a business practice and that at the same time is forbidden by law," and "governs anti-competitive business practices as well as injuries to consumers." *Cal–Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.,* 20 Cal. 4th 163, 180 (1999). Liability under Section 17200 is derivative of violations of other laws and the UCL makes such unlawful practices independently actionable. *Id.; see also Plascencia v. Lending 1st Mortg.,* 583 F. Supp. 2d 1090, 1098 (N.D. Cal. 2008) (stating "[v]iolation of almost any federal, state, or local law may serve as the basis for a UCL claim").

In the insurance context, allegations that are essential to plead a claim for violation of the UCL are: (1) plaintiff's status as an insured or intended beneficiary of the insurance policy, (2) the existence of the policy, (3) the insurer's conduct and that such conduct was an unfair, unlawful or fraudulent business practice in violation of Bus. & Prof. Code § 17200, (4) plaintiff has no adequate remedy at law, (5) a request for injunctive relief and or restitution (monetary damages are not recoverable under the UCL), and (6) a request for attorney's fees. *See Heighley v. J.C. Penney Life Ins. Co.,* 257 F. Supp. 2d 1241, 1259 (C.D. Cal. 2003).

Here, United argues that Plaintiff's UCL claim fails because Plaintiff cannot recover the type of relief permitted under the UCL. Mot. at 13.

### 1. Restitution

United argues that Plaintiff is not entitled to restitution because "what Plaintiff is really seeking when she refers to 'restitution' are contract damages" which are not recoverable under the UCL as a matter of law. Mot. at 13. Plaintiff contends that "funds or property to which a plaintiff has an ownership or vested interest" is considered a restitutionary remedy. Opp. at 11. Because Plaintiff "has alleged that she had a right to receive, and therefore had a vested interest in, the policies benefits," Plaintiff contends she has sufficiently pleaded a "restitutionary remedy recoverable under her UCL claim." Opp. at 12.

"A UCL action is equitable in nature; damages cannot be recovered." *Korea Supply Co. v. Lockheed Martin Corp.,* 29 Cal.4th 1134, 1144 (2003). Courts have expressly found that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-7870-DMG (AJWx)** | Date | June 22, 2016 |
| Title | *Jennifer Bentley v. United of Omaha Life Insurance Company et al.* | Page | 10 of 12 |

payment of policy benefits are "damages" and therefore not recoverable under the UCL. *See McAdam v. State Nat. Ins. Co.*, 2012 WL 4364655, at *2 (C.D. Cal. Sept. 24, 2012) (plaintiff's proper remedy is to sue for breach of contract to recover any benefits that are due under the policies); *Allstate Inc. Co. v. Barnett*, 2011 WL 2415383, at *9 (N.D. Cal. June 15, 2011) (dismissing UCL claim because plaintiff can sue for breach of contract and recover damages); *Stewart v. Life Ins. Co. of North America*, 388 F.Supp.2d 1138, 1144 (E.D. Cal. 2005) ("Restitution is entirely inconsistent with the primary remedy she seeks, which is payment of the policy benefits in the form of damages."). Because Plaintiff can recover the policy benefits as "damages" under her breach of contract claim, Plaintiff has failed to adequately plead a request for restitution.

### 2. Injunctive Relief

United contends Plaintiff is not entitled to injunctive relief because Plaintiff has an adequate remedy at law and is not likely to suffer an irreparable injury as the Policy has lapsed. Mot. at 14-15. Plaintiff does not address United's arguments, but contends she is seeking an injunction on behalf of the class to "require United to incorporate the specific requirements of §10113.71 and §10113.72 into renewal life insurance policies in force in California." Opp. at. 13. According to Plaintiff, "[t]hese policyholders do not possess an adequate remedy at law as their policies have not yet lapsed." *Id.* at 12.

In the class action context, the class representative must have standing under the UCL to pursue claims on behalf of the class. *In re Tobacco II Cases*, 46 Cal. 4th 298, 306 (2009). A plaintiff seeking to obtain declaratory or injunctive relief must establish that he or she is "realistically threatened by a repetition of the violation" in order to establish the relief sought would redress the alleged injuries. *Campion v. Old Republic Home Prot. Co., Inc.*, 861 F. Supp. 2d 1139, 1147 (S.D. Cal. 2012) (citing *Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir.2006)). Put differently, such plaintiffs must show a very significant possibility of future harm—it is insufficient for them to demonstrate only a past injury. *See San Diego Cnty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996) (citing *Bras v. California Pub. Util. Comm'n,* 59 F.3d 869, 873 (9th Cir. 1995), *cert. denied,* 516 U.S. 1084, 116 S. Ct. 800, 133 L. Ed. 2d 748 (1996)).

Here, the Court finds that Plaintiff lacks standing to pursue a UCL claim for injunctive relief. First, Plaintiff has an adequate remedy at law because she can sue for breach of contract and recover damages. *See Allstate Inc. Co.*, 2011 WL 2415383, at *9. Second, Plaintiff has failed to show a very significant possibility or real threat of future re-injury. Because the Policy has lapsed, there is no ongoing need for injunctive relief. *See McAdam,* 2012 WL 4364655, at *2 (no ongoing practices plaintiff can enjoin because the policy term ended); *see also Netscape*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-7870-DMG (AJWx)** | Date | June 22, 2016 |
| Title | *Jennifer Bentley v. United of Omaha Life Insurance Company et al.* | Page | 11 of 12 |

*Commc'n Corp. v. Fed. Ins. Co.*, No. C-06-00198, at *4 (N.D. Cal. Feb. 22, 2006) (dismissing UCL claim because the policies were no longer in effect and therefore "the complaint fails to establish any ongoing need for injunctive relief").

Accordingly, the Court **GRANTS** United's motion to dismiss Plaintiff's UCL claim for injunctive relief on behalf of herself and putative class members.

### IV.
### MOTION TO STRIKE

#### A. Legal Standard

Federal Rule of Civil Procedure 12(f) provides that a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. *Lazar v. Trans Union LLC,* 195 F.R.D. 665, 669 (C.D. Cal. 2000) (citing *LeDuc v. Ky. Cent. Life Ins. Co.,* 814 F. Supp. 820, 830 (N.D. Cal. 1992)). When considering a motion to strike, a court views the pleading in the light most favorable to the nonmoving party. *Freeman v. ABC Legal Servs., Inc.*, 877 F. Supp. 2d 919, 923 (N.D. Cal.2012).

#### B. Discussion

Plaintiff proposes a class definition that includes:

> "All California residents who purchased life insurance policies from United of Omaha Life Insurance Company and whose life insurance policy lapsed or will lapse because of United of Omaha Life Insurance Company's systemic failures in notifying policy owners and designees within 30 days of the effective date of the lapse or termination that the policy would lapse."

FAC ¶ 29.

United asserts that Plaintiff's class definition is insufficiently pled because she fails to allege the requirements of Federal Rule of Civil Procedure 23(a) - i.e., numerosity, commonality, typicality, and adequate representation. Mot. at 20-23. Generally, "[m]otions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle . . . ." *Thorpe v. Abbott Labs., Inc.,* 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008); *Cholakyan v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 15-7870-DMG (AJWx) | Date | June 22, 2016 |
| Title | *Jennifer Bentley v. United of Omaha Life Insurance Company et al.* | Page | 12 of 12 |

*Mercedes-Benz USA, LLC,* 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011) (noting that it is rare to strike class allegations in advance of a motion for class certification).

Accordingly, the Court **DENIES** United's motion to strike the class allegations as both premature and better suited for determination upon a motion for class certification.

V.
CONCLUSION

In light of the foregoing, the Court **GRANTS in part and DENIES in part** United's motion to dismiss. The Court **DENIES** United's motion to strike the class allegations. United shall file its Answer within 21 days from the date of this Order.

**IT IS SO ORDERED.**