1  Martin E. Rosen (SBN 108998)
   mrosen@hinshawlaw.com
2  Larry M. Golub (SBN 110545)
   lgolub@hinshawlaw.com
3  HINSHAW & CULBERTSON LLP
   633 West Fifth Street, 47th Floor
4  Los Angeles, CA 90071
   Telephone: 213-680-2800
5  Facsimile: 213-614-7399

6  Jenny H. Wang (SBN 191643)
   jwang@hinshawlaw.com
7  HINSHAW & CULBERTSON LLP
   4675 MacArthur Court, Suite 545
8  Newport Beach, CA 92660
   Telephone:  949-757-2800
9  Facsimile:  949-752-6313

10 Attorneys for Defendant
   United of Omaha Life Insurance Company
11

12            UNITED STATES DISTRICT COURT

13           CENTRAL DISTRICT OF CALIFORNIA

14 JENNIFER BENTLEY, as trustee of the       Case No. 2:15-cv-07870-DMG-AJW
   2001 Bentley Family Trust,
15                                            (Honorable Dolly M. Gee)
                Plaintiff,
16                                            **DEFENDANT UNITED OF**
          vs.                                 **OMAHA LIFE INSURANCE**
17                                            **COMPANY'S REPLY IN**
   UNITED OF OMAHA LIFE                       **SUPPORT OF MOTION TO DENY**
18 INSURANCE COMPANY,                         **CLASS CERTIFICATION**
19              Defendant.                    [Filed Concurrently With:
20                                            -   Declaration of Larry M. Golub]

21                                            Hearing Date:   January 5, 2018
                                              Hearing Time:   9:30 a.m.
22                                            Courtroom:      8C

23                                            Complaint Filed:   August 27, 2015

24

25

26

27

28

HINSHAW & CULBERTSON LLP
4675 MacArthur Court
Suite 545
Newport Beach, CA 92660
949-757-2800

300892245v1 0977380

# **TABLE OF CONTENTS**

I.     INTRODUCTION ......................................................................................1

II.    THIS COURT HAS NEVER RULED ON THE LEGAL ISSUE PRESENTED BY THIS MOTION: THE INAPPLICABILITY OF THE STATUTES TO NON-CALIFORNIA POLICIES ...................................1

III.   THE INAPPLICABILITY OF THE STATUTES TO NON-CALIFORNIA POLICIES SHOULD BE DECIDED NOW ..........................3

    A.    United's Motion is Not Out of Sequence .................................3

    B.    This Motion Is Not Procedurally Improper Merely Because It Touches Upon the Merits of Plaintiff's Claim for Relief ......................5

    C.    Granting This Motion Will Promote Efficient Litigation of Remaining Class Issues .......................................................6

IV.   THE STATUTES CANNOT REASONABLY BE INTERPRETED TO APPLY TO NON-CALIFORNIA POLICIES ......................................9

V.    PLAINTIFF HAS FAILED TO DEMONSTRATE THE TYPICALITY, COMMONALITY AND ADEQUACY OF REPRESENTATION ELEMENTS REQUIRED BY RULE 23(A) FOR CLASS CERTIFICATION AS TO NON-CALIFORNIA POLICIES ..................................................................................13

VI.   CONCLUSION ......................................................................................16

**HINSHAW & CULBERTSON** LLP
4675 MacArthur Court
Suite 545
Newport Beach, CA 92660
949-757-2800

i

300892245v1 0977380

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Amey v. Cinemark USA Inc.*,
    2014 U.S. Dist. LEXIS 125314 (N.D. Cal. 2014)...........................................3, 4

*Cerrone v. Reliance Standard Life Ins. Co.*,
    9 F. Supp. 3d 1145 (S.D. Cal. 2014) ...................................................11

*De Leon v. Standard Life Ins. Co.*,
    2016 U.S. Dist. LEXIS 11639 (C.D. Cal. 2016) ...............................3, 4

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ...........................................................14

*Parsons v. Ryan*,
    754 F.3d 657 (9th Cir. 2014) .............................................................13

*Stephan v. Unum Life Ins. Co. of Am.*,
    697 F.3d 917 (9th Cir. 2012) .......................................................10, 11

*Tait v. BSH Home Appliances Corp.*,
    289 F.R.D. 466 (C.D. Cal. 2012)..........................................................5

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ......................................................................5, 15

*Wright v. Renzenberger, Inc.*,
    656 Fed. Appx. 835 (9th Cir. 2016) .....................................................5

**California Cases**

*Ahern v. Dillenback*,
    1 Cal. App. 4th 36 (1991) .....................................................................9

*County of Santa Clara v. Escobar*,
    244 Cal. App. 4th 555 (2016).................................................................9

*Grafton Partners v. Superior Court*,
    36 Cal. 4th 944 (2005)..........................................................................10

HINSHAW & CULBERTSON LLP
4675 MacArthur Court
Suite 545
Newport Beach, CA 92660
949-757-2800

ii

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Modglin v. State Farm Mut. Auto. Ins. Co.*,
   273 Cal. App. 2d 693 (1969) .......................................................................11, 12

*People v. Standish*,
   38 Cal. 4th 858 (2006) ........................................................................................10

**California Statutes**

Insurance Code,
   § 10110.6 ......................................................................................................9, 11
   § 10113.71 ...................................................................................................*passim*
   § 10113.72 ...................................................................................................*passim*
   § 11580.05 .........................................................................................................9
   § 11580.2 ...........................................................................................................12

**HINSHAW & CULBERTSON** LLP
4675 MacArthur Court
Suite 545
Newport Beach, CA 92660
949-757-2800

iii

300892245v1 0977380

1    I.      **INTRODUCTION**

2           This Court has never ruled on the discrete legal issue raised by this motion:

3    whether Insurance Code sections 10113.71 and 10113.72 (the "Statutes") govern life

4    insurance policies issued or delivered **<u>outside</u>** California ("non-California policies")

5    such that putative class members whose claims relate to non-California policies

6    belong in the proposed class.  Plaintiff's assertions to the contrary are demonstrably

7    false.  The time to decide this issue is now.  Doing so has the potential to save the

8    parties and the Court substantial time and resources that would otherwise be

9    expended on discovery disputes relating to non-California policies and Plaintiff's

10   ongoing effort to expand the proposed class.  The inapplicability of the Statutes to

11   non-California policies is a core class certification issue that will determine who

12   does or does not belong in the proposed class.  There is no procedural or substantive

13   reason to delay a decision on this legal issue.  It is ripe for a decision now, and the

14   plain language of the Statutes unequivocally demonstrates that putative class

15   members whose claims are based on policies issued or delivered outside of

16   California cannot be part of the proposed class.

17

18   II.     **THIS COURT HAS NEVER RULED ON THE LEGAL ISSUE**

19           **PRESENTED BY THIS MOTION: THE INAPPLICABILITY OF THE**

20           **STATUTES TO NON-CALIFORNIA POLICIES**

21           Plaintiff asserts, "In three separate rulings – on June 22, 2016, September 14,

22   2016 and most recently on August 8, 2017 – the Court rejected Defendant's

23   arguments by ruling that a policy renewal in California after the effective date of the

24   Statutes subjects such policies to the Statutes' requirements."  Plaintiff's Opp., p.

25   3:13-16.  Plaintiff's assertion is terribly misleading.  She fails to point out that the

26   Court's June 22, 2016 order denied United's motion to dismiss the First Amended

27   Complaint, which limited the proposed class to "All **California residents** who

28   purchased life insurance policies from United...."  Docket #16 (First Amended

HINSHAW & CULBERTSON LLP
4675 MacArthur Court
Suite 545
Newport Beach, CA 92660
949-757-2800

1

300892245v1 0977380

1   Complaint, "FAC", ¶ 29 (Emphasis added); Docket #27 (Court's June 22, 2016

2   order denying motion to dismiss the FAC).  Because this case had nothing to do

3   with non-California policies at the time the Court issued its June 22, 2016, the Court

4   clearly did not rule on the applicability of the Statutes to non-California policies at

5   that time.  Indeed, as pointed out in the moving papers to this present motion, this

6   Court's Order stated that the Court "presumes that the Legislature meant what it said

7   and therefore subsection (b) of Section 10113.72, by its plain language, applies to

8   every individual life insurance policy **issued and delivered in California**."  Docket

9   #27, p. 6 (emphasis added).

10       On September 14, 2016, the Court issued an order denying United's motion

11   for certification of its June 22, 2016 order for an interlocutory appeal.  Docket #46.

12   There again, at the time the Court issued its September 14, 2016 order, the class

13   definition as set forth in the then-operative FAC was limited to California residents

14   who purchased life insurance policies from United.  Accordingly, the Court made no

15   determination at that time as to the applicability of the Statutes to policies issued

16   outside of California.

17       Finally, on August 8, 2017, the Court denied in part United's motion to

18   dismiss the Third Amended Complaint, but it did so by construing United's motion

19   to dismiss as a motion for reconsideration of the Court's prior order denying

20   United's motion to dismiss the FAC – a pleading that limited the proposed class to

21   "California residents" and thus had nothing do with non-California policies.  Docket

22   # 107, p. 4.  In so doing, the Court reiterated its prior finding, made in the context of

23   a proposed class consisting of "California residents," that the Statutes generally

24   apply to policies renewed in California after the Statutes' effective date. *Id*. at p. 5.

25   Importantly, however, the Court never ruled upon the legal issue presented by this

26   motion:  whether the Statutes as a threshold matter govern policies issued or

27   delivered **outside** of California, separate and apart of any policy renewal in

28   California.

HINSHAW & CULBERTSON LLP
4675 MacArthur Court
Suite 545
Newport Beach, CA 92660
949-757-2800

300892245v1 0977380

At the pleading stage, the Court declined to strike Plaintiff's class allegations based upon the inapplicability of the Statutes to the proposed class, stating that is an issue better suited for determination at the class certification stage.  Docket #27, p. 12; Docket #107, p. 10.  The parties have now reached that stage.  The discrete legal issue presented by this motion is ripe for determination.

## III.   THE   INAPPLICABILITY   OF   THE   STATUTES   TO   NON-CALIFORNIA POLICIES SHOULD BE DECIDED NOW

Plaintiff's procedural attack on United's motion is based upon the faulty premise that the motion is "out of sequence and disruptive to the orderly management of the case."  Plaintiff's Opp., p. 3:26-27.  She is wrong.

### A.     United's Motion is Not Out of Sequence

The law does not specify a "sequence" for litigating class certification issues. Plaintiff's reliance on *Amey v. Cinemark USA Inc*., 2014 U.S. Dist. LEXIS 125314 (N.D. Cal. 2014), and *De Leon v. Standard Life Ins. Co*., 2016 U.S. Dist. LEXIS 11639 (C.D. Cal. 2016), for the contrary proposition is misplaced.  *Amey* is distinguishable because the court there deemed defendants' motion to deny class certification premature because the defendants refused to provide classwide discovery, which prejudiced plaintiff's ability to move for class certification.  *Id*. at *8-9.  In contrast, here, as Plaintiff's counsel has recognized, United has provided information in discovery about the policies that fall within the putative class.  *See* Plaintiff's Opp., p. 5:7-8; *see also* the Declaration of John Bjork (Docket #113-1), ¶¶ 8, 10.  Plaintiff has now also deposed United's Rule 30(b)(6) witnesses on classwide issues.  *See* the accompanying Declaration of Larry M. Golub ("Golub Dec."), ¶ 2.

Importantly, in *Amey*, even though the court denied defendants' motion as premature, it did so "without prejudice to defendants re-raising the **identical**

HINSHAW & CULBERTSON LLP
4675 MacArthur Court
Suite 545
Newport Beach, CA 92660
949-757-2800

300892245v1 0977380

arguments [in support of a denial of certification] after classwide discovery has been conducted….” *Id*. at *10 (emphasis added). Similarly, in *De Leon*, the court denied defendant's motion to deny class certification which was made **as an initial response to Plaintiff's complaint** but did so without prejudice. Here, unlike in *Amey* and *De Leon*, Plaintiff has conducted, and United has responded to, classwide discovery; not that discovery, let alone additional discovery beyond that which has been completed to date, is necessary for a ruling on this motion.[1]

The legal issue presented by this motion is ripe for a decision. As set forth in United's moving papers, the non-applicability of the Statutes to policies issued or delivered outside of California is a purely legal issue that turns exclusively upon a legal interpretation of the Statutes. No discovery is needed to decide this issue. While Plaintiff vaguely asserts that “there are outstanding issues with Defendants' discovery responses” and that Plaintiff has not yet taken Rule 30(b)(6) depositions of United, no fact witness will provide information relevant to the legal issue presented by this motion: whether the statutory language should be construed to encompass policies issued or delivered outside of California.[2]

---

[1] Even the quotation from *De Leon* parenthetically cited by Plaintiff acknowledges that “there is no per se rule against a defendant preemptively moving to deny class certification.” Plaintiff's Opp., p. 4:6-7.

[2] Notably, Plaintiff's Rule 30(b)(6) deposition occurred on December 13, 2017 and counsel for Plaintiff questioned United as to policies issued or delivered outside of California. *See* Golub Dec., ¶ 2. As for “issues with Defendants' discovery responses,” the **sole** issue presented in Plaintiff's pending discovery motion is whether United must disclose prior to any ruling on class certification the identities of the beneficiaries that are the putative class members – both those beneficiaries relating to policies issued in California and outside California. Docket #114-1, at p. 2. This issue is irrelevant to the pure legal issue presented by United's present motion to deny certification.

HINSHAW & CULBERTSON LLP
4675 MacArthur Court
Suite 545
Newport Beach, CA 92660
949-757-2800

4

300892245v1 0977380

**B.    This Motion Is Not Procedurally Improper Merely Because It Touches Upon the Merits of Plaintiff's Claim for Relief**

Plaintiff incorrectly argues that this motion is procedurally improper because it goes to the merits of Plaintiff's claim and not class issues, citing to *Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 487 (C.D. Cal. 2012). She is wrong. A ruling on this motion will define the scope and composition of the proposed class, which the Court must decide at the class certification stage. For that reason, Plaintiff's reliance on *Tait* is misplaced. In *Tait*, unlike in this case, the court found that defendant's argument about the merits of Plaintiff's claim "has nothing to do with the Rule 23 analysis." *Id*. at 487.

The fact that the class certification issue presented by this motion overlaps with the merits of Plaintiff's claim, at least with respect to non-California policies, is not fatal to the motion.[3] As acknowledged in a case Plaintiff cited in her opposition – *Wright v. Renzenberger, Inc.*, 656 Fed. Appx. 835, 837 (9th Cir. 2016) – district courts routinely resolve merits questions at the class certification stage when they are relevant to class certification issues. *See also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011) ("Actual, not presumed, conformance with Rule 23(a) remains . . . indispensable [for class certification]. Frequently that rigorous analysis will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped."). In *Dukes*, the Supreme Court reversed an order granting class certification, and in doing so stated at pages 338-339, "In this case, proof of commonality necessarily overlaps with respondents' merits contention that Wal-

---

[3] The following hypothetical illustrates this point: Plaintiff alleges the class is comprised of all beneficiaries of all policies issued by United **anywhere** before the Statutes' effective date and renewed **anywhere** after the Statutes' effective date, asserting that the Statutes apply to all policies nationwide. Under Plaintiff's logic, United would not be permitted to challenge that class definition at the class certification stage because it addresses the merits of Plaintiff's claim that the Statutes apply to all policies regardless of the place of policy issuance, delivery or renewal. That is illogical.

HINSHAW & CULBERTSON LLP
4675 MacArthur Court
Suite 545
Newport Beach, CA 92660
949-757-2800

5

300892245v1 0977380

Mart engages in a pattern or practice of discrimination." That is precisely the situation here where issues relevant to the merits of Plaintiff's claim and class certification overlap.

Pursuant to the above authorities, United's motion may not be denied because there is some overlap between the merits of Plaintiff's claim and class certification issues. Plaintiff is simply wrong that United must wait for the Court to first certify a class and then move for summary judgment as to the claims of non-California class members. That is not the law. That is also inefficient for the reasons described in subsection C, below.

## C.    Granting This Motion Will Promote Efficient Litigation of Remaining Class Issues

Contrary to Plaintiff's assertions regarding inefficiency, a ruling on the discrete legal issue presented by the motion will advance the orderly management of this case. The issue presented by this motion (whether beneficiaries of non-California policies can be included in the proposed class based on Statutes that expressly only apply to policies issued or delivered in California) will be argued only this one time, and resolved with this motion. An immediate decision on that issue will potentially eliminate the need for discovery on this very issue, thus promoting an efficient use of party and attorney resources.

Plaintiff asserts that resolving this issue prior to her class certification motion result in inefficiencies because United is supposedly speculating that Plaintiff will pursue expansive discovery on non-California policies. Plaintiff's Opp., p. 5:11-13. Yet, Plaintiff has and continues to push for discovery in an ongoing effort to expand the number of class members, including beneficiaries of non-California policies, that will likely culminate in costly discovery disputes, as explained below. Golub Dec., ¶ 3.

HINSHAW & CULBERTSON LLP
4675 MacArthur Court
Suite 545
Newport Beach, CA 92660
949-757-2800

6

300892245v1 0977380

After expending significant time and effort, United produced information concerning non-California policies issued before the effective date of the Statutes and that were "renewed" in California thereafter, where the policy then lapsed for non-payment of premium and the insured died. Golub Dec., ¶ 4. Ultimately, United determined there is only one such non-California policy. Golub Dec., ¶ 4. Once Plaintiff's counsel discovered that fact, in an ostensible effort to further expand the proposed class, Plaintiff's counsel informed United's counsel that Plaintiff intends to pursue additional information about non-California policies in which the insured did not die after the policies lapsed. Golub Dec., ¶ 5. This further discovery will be pursued despite the fact that the proposed class is defined as being comprised of beneficiaries who made a claim, or were eligible to make a claim, and under a life insurance policy no beneficiary can make a claim or is eligible to make a claim unless and until the insured dies. On that basis, United intends to oppose efforts at discovering information about policies under which the insured did not die. Golub Dec., ¶ 5.

Additionally, Plaintiff's counsel has advised United that Plaintiff intends to pursue discovery as to non-California policies that were issued **after** the effective date of the Statutes, January 1, 2013, and "renewed" after that date, which is a much more expansive time period than the one that applies to policies issued in California: **prior to** January 1, 2013. Golub Dec., ¶ 6. Here, too, the non-California policies will remain an issue of contention in discovery. The important point for purposes of this motion is that, despite Plaintiff's assertion in opposition to this motion, Plaintiff will continue to pursue discovery from United about non-California policies that will likely result in costly and time-consuming discovery battles.[4]

---

[4] Plaintiff's current motion to compel United to disclose the identity of purported class members demonstrates that the same pursuit will occur with respect to non-California policies.

HINSHAW & CULBERTSON LLP
4675 MacArthur Court
Suite 545
Newport Beach, CA 92660
949-757-2800

300892245v1 0977380

1    Regarding Plaintiff's discovery to third parties about non-California policies,

2    Plaintiff's assertion that she is not "demanding extensive and burdensome document

3    productions from non-parties" is belied by her subpoenas to ten (10) different life

4    insurers demanding, *inter alia*, documents regarding their interpretation of the

5    applicability of the Statutes to "policies initially issued or delivered **outside of**

6    **California** but renewed within California on or after January 1, 2013." *See* the

7    Declaration of Jenny H. Wang submitted with United's moving papers (Docket

8    #111-2), ¶ 11, Ex. B (Document Request No. 4, emphasis added.).  Nine out of ten

9    of the non-party insurers served wholesale objections to the subpoena, and only one

10   insurer produced any substantive information – and significantly it did not provide

11   information or documents as to non-California policies.  Golub Dec., ¶ 7.[5]  It is

12   highly doubtful that Plaintiff will forego motion work under these circumstances.

13   As for Plaintiff's counsel's cursory assertion that "Plaintiff has agreed to

14   accept representative documents and/or declarations" from non-party insurers that

15   Plaintiff has subpoenaed in order to "minimize burden," counsel's declaration is

16   conspicuously devoid of any statement that the non-parties have agreed to provide

17   any such documents or declarations.  *See* Bjork Dec., ¶ 11 (Docket #113-1).  As of

18   the present, none of the nine objecting non-party insurers has provided any actual

19   documents in response to the subpoenas or supplied any declaration.  Golub Dec., ¶

20   9.  Certainly, counsel makes no representation that the non-parties' blanket

21   objections to Plaintiff's subpoenas will not lead to motion work.  Thus, the

22   possibility of discovery disputes with at least 10 non-party insurers relating to non-

23

24   [5] A declaration submitted by this one insurer explicitly stated that, "[s]ince January

25   1, 2013, for policies issued or delivered **in California**," it "has included in the
     Annual Policy Statement a notice reminding the policy owner that he/she could

26   designate a secondary addressee to receive copies of policy notices and other
     documents/letters."  It earlier confirmed that it sent such annual statements to

27   "policy owners whose policies were issued or delivered **in California**."  (Emphasis

28   added.)  Golub Dec., ¶ 8.

HINSHAW & CULBERTSON LLP
4675 MacArthur Court
Suite 545
Newport Beach, CA 92660
949-757-2800

8

300892245v1 0977380

California policies looms over this action, and that can be eliminated by a ruling on this motion.

## IV.   THE STATUTES CANNOT REASONABLY BE INTERPRETED TO APPLY TO NON-CALIFORNIA POLICIES

The California Insurance Code Statutes at issue here unambiguously only refer to and thus only govern policies "issued or delivered in this state."  Ins. Code §§10113.71(a) and §10113.72(a).   That is in stark contrast to other California Insurance Code statutes addressed in the moving papers that refer to and thus govern policies regardless of the state of policy issuance or delivery.  *See* Ins. Code § 10110.6, which was enacted only one year prior to the subject Statutes, and refers to policies "issued, delivered, or renewed, **whether or not in California**…." (Emphasis added.)  Had the Legislature intended for the subject Statutes to govern non-California policies, it could and would have said so in the Statutes.  Plaintiff fails to, and cannot, refute this basic distinction between the Statutes, which do not encompass policies renewed in California in addition to those issued and delivered here, and the numerous other California statutes that explicitly do refer to policies either issued, delivered **or** renewed in California.

The fact that the Legislature chose not to use the word "renewed" means that the Statutes cannot reasonably be interpreted to govern non-California policies.  *See Ahern v. Dillenback*, 1 Cal. App. 4th 36, 50 (1991) (The "portion of the Aherns' argument based on the express declaration of public policy contained in [Insurance Code] section 11580.05 again ignores the language 'issued or delivered in this state.' (§11580.05.)  We are dealing here with a policy that was neither issued nor delivered in California, and, therefore, neither section 11580.05 nor 11580.2 is applicable."); *see also County of Santa Clara v. Escobar*, 244 Cal. App. 4th 555, 572 (2016) (A useful method of statutory interpretation is "to consider language not

HINSHAW & CULBERTSON LLP
4675 MacArthur Court
Suite 545
Newport Beach, CA 92660
949-757-2800

300892245v1 0977380

1  used, particularly when it appears that the Legislature could have easily expressed

2  the intention for which a party contends.").

3      Plaintiff attempts to deflect from the plain language of the subject Statutes in

4  advancing her tortured interpretation that they apply to non-California policies. She

5  does so by (1) asking the Court to interpret each subsection of the Statutes in a

6  vacuum, and (2) arguing the "renewal principle". Neither argument should be

7  countenanced.

8      First, Plaintiff improperly asks the Court to interpret subsections of the

9  Statutes piecemeal and in a vacuum, asserting, "the 'issued and delivered' language

10 in the Statutes is applicable to only certain subparts of the Statutes…" and not

11 others. Plaintiff's Opp., p. 2:1-2. That is contrary to the well-established canon of

12 statutory construction that related provisions must be read in concert. *See Grafton*

13 *Partners v. Superior Court*, 36 Cal. 4th 944, 960 (2005) ("[W]e interpret related

14 statutory provisions on the assumption that they each operate in the same manner,

15 and courts may conclude that the Legislature would not intend one subsection of a

16 subdivision of a statute to operate in a manner 'markedly dissimilar' from other

17 provisions in the same list or subdivision."); *People v. Standish*, 38 Cal. 4th 858,

18 869 (2006) (Within a statute, "[t]erms ordinarily possess a consistent meaning

19 throughout a statute."). Plaintiff's argument that the Legislature had to use the

20 phrase "issued or delivered in this state" over and over again in each subdivision of

21 each of the Statutes defies statutory construction rules and common sense. When

22 construed as a whole, as they should be, the Statutes cannot reasonably be

23 interpreted to apply to policies that were neither issued nor delivered in California.

24     Second, the "renewal principle" does nothing to create a right where none

25 exists. That is to say, the "renewal principle" (if it operates in the way that Plaintiff

26 has argued here) incorporates into a life insurance policy at the time it "renews" any

27 provisions of law that are in effect at the time of renewal. *See Stephan v. Unum Life*

28 *Ins. Co. of Am.*, 697 F.3d 917, 927 (9th Cir. 2012) ("This principle governs not only

HINSHAW & CULBERTSON LLP
4675 MacArthur Court
Suite 545
Newport Beach, CA 92660
949-757-2800

300892245v1 0977380

new policies but also renewals: Each renewal incorporates any changes in the law that occurred prior to the renewal."), citing to *Modglin v. State Farm Mut. Auto. Ins. Co.*, 273 Cal. App. 2d 693 (1969).  The result is that when an existing life insurance policy renewed after January 1, 2013 (the effective date of the Statutes), the renewal triggered application of the Statutes to existing policies.  Importantly, however, that does not mean the Statutes then applied to existing policies issued or delivered outside of California.  The reason is that the Statutes only apply to policies issued or delivered in California.  The "renewal principle" cannot operate to bring non-California policies within the ambit of statutes that expressly only apply to policies issued or delivered **in** California.[6]  This Court's June 22, 2016 ruling recognized that distinction when it held the Statutes apply "to every individual life insurance policy **issued and delivered in California**," including those issued before but renewed after January 1, 2013.  Docket #27, p. 6 (emphasis added).

Plaintiff's continued reliance on *Stephan* and *Modglin* is disingenuous for another reason.  In *Stephan*, the court was construing Insurance Code section 10110.6 (discussed above), which refers to policies "issued, delivered, or renewed, whether or not in California…."  (Emphasis added.)  In that case, the "renewal principle" made sense.[7]

*Modglin* involved an auto policy issued to Arizona residents who subsequently moved to California and who made a premium payment from a California address in response to a renewal notice that the insurer had mailed to their

---

[6] Stated another way, the "renewal principle," even if it applies, does nothing more than determine whether a statute applies to a specific insurance policy.  It does not, as Plaintiff's argument asserts, change the substance of the statute.  If it did, then Plaintiff could argue that the Statutes, which clearly apply only to **life** insurance policies, should also apply to **health** insurance policies as long as they were renewed in California after January 1, 2013.

[7] Plaintiff's citation to *Cerrone v. Reliance Standard Life Ins. Co.*, 9 F. Supp. 3d 1145 (S.D. Cal. 2014), which also construed section 10110.6, is likewise misplaced.

HINSHAW & CULBERTSON LLP
4675 MacArthur Court
Suite 545
Newport Beach, CA 92660
949-757-2800

300892245v1 0977380

Arizona address.  *Modglin, supra* at 696.   Thereafter, while the vehicle was "principally used or garaged" in California, it collided with an uninsured motorist. *Modglin, supra* at 697.   Arizona law did not require auto policies to contain uninsured motorist coverage, but California law (Insurance Code section 11580.2) did, and the issue there was whether the California statute applied to the policy originally issued in Arizona.

Section 11580.2 referred in pertinent part to policies: "issued or delivered in this state to the owner or operator of a motor vehicle, **or** shall be issued or delivered by any insurer licensed in this state upon any motor vehicle then principally used or principally garaged in this state."  *Modglin, supra* at 697 (emphasis added).  The court observed that the statute, by its terms, requires uninsured motorist protection "in either of two instances: (1) Where the policy is issued or delivered in California to the owner or operator of a motor vehicle; **or, in the alternative**, (2) where a policy is "... issued or delivered by any insurer licensed in this state upon any motor vehicle then principally used or principally garaged in this state."  *Modglin, supra* at 699-700 (emphasis added).

The *Modglin* court found that the statute applied only because of the alternate statutory provision requiring uninsured motorist coverage for vehicles "principally used or principally garaged in this state."  *Modglin, supra* at 700.  When the insurer raised the "issued or delivered" language, the court stated, "the statute applies irrespective of where the policy is issued or delivered, providing that the vehicle is '. . . then principally used or principally garaged in this state.'"  *Id*.  Contrary to the sleight of hand in the Opposition, the *Modglin* court did **not** interpret or apply the "issued or delivered" language in the Insurance Code statute at issue there, and thus the *Modglin* case does **not** support Plaintiff's argument here that when the Statutes refer to a life insurance policy "issued or delivered in this state," they encompass policies issued outside California that happen to be "renewed" in California.  In sum, *Modglin* is inapposite to the issue presented by this motion.

12

HINSHAW & CULBERTSON LLP
4675 MacArthur Court
Suite 545
Newport Beach, CA 92660
949-757-2800

Again, the only reasonable interpretation of the Statutes' plain language is that they apply only to policies issued or delivered in California.

## V. PLAINTIFF HAS FAILED TO DEMONSTRATE THE TYPICALITY, COMMONALITY AND ADEQUACY OF REPRESENTATION ELEMENTS REQUIRED BY RULE 23(A) FOR CLASS CERTIFICATION AS TO NON-CALIFORNIA POLICIES

Plaintiff's typicality and commonality arguments center around her assertion that the claims of all putative class members will "rise and fall" on whether a renewal of a policy in California after 2013 triggers the notice requirements in the Statutes. Plaintiff's Opp., p. 13:12-15. Plaintiff's assertion evades the core issue presented by this motion, which is that **regardless of any policy renewal**, the putative class members whose claims arise from policies issued outside of California must as a threshold matter litigate a legal issue not applicable to Plaintiff's claim: whether the Statutes apply to policies issued or delivered **outside of California**. As to those putative class members, the claims of the named Plaintiff Jennifer Bentley are not typical of the class she purports to represent because Bentley is seeking benefits under a policy that was issued in California. Unlike Bentley, the claims of beneficiaries of non-California policies rise and fall on whether the Statutes apply to policies issued or delivered outside of California in the first instance, separate and apart from the renewal of those policies on or after the Statutes' effective date.

*Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014), upon which Plaintiff relies in support of her typicality argument, is distinguishable. There, the court held that where the putative class members suffered varying injuries from the defendant's course of conduct upon which liability was based, that did not preclude a finding of typicality. Here, the lack of typicality stems from a threshold legal issue that does not apply to the named Plaintiff's claim but that precludes United's liability to

HINSHAW & CULBERTSON LLP
4675 MacArthur Court
Suite 545
Newport Beach, CA 92660
949-757-2800

300892245v1 0977380

certain absent class members who claim rights under policies that were not "issued or delivered in this state".

Plaintiff's reliance on *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1020 (9th Cir. 1998), is similarly misplaced. In *Hanlon*, the court observed, "[T]he broad composition of the representative parties vitiates any challenge founded on atypicality. The representative parties comprise persons from every state, representing all models of Chrysler minivans and include minivan owners whose latches remain operable." In contrast here, Jennifer Bentley is the only named plaintiff, and she purports to represent absent class members whose claims rise and fall on a legal issue entirely inapplicable to her claim. The "broad composition of representative parties" that led the *Hanlon* court to find typicality does not exist here. While Bentley seeks to equate and "align" her breach of contract and bad faith claims to those of absent class members seeking relief under non-California policies, the applicability of the Statutes to policies issued and delivered outside California is an issue that is entirely irrelevant to her claim. In stark contrast, that issue is absolutely critical to absent class members' claims arising under non-California policies.

Plaintiff next argues that she is an adequate class representative because "Plaintiff and all class members – whether their policies were issued inside or outside California – have the same material objectives in this litigation, most importantly, to obtain a ruling that a policy renewal in California after January 1, 2013 triggers the obligations of the Statutes." Plaintiff's Opp., p. 14:17-20. Here again, Plaintiff conveniently ignores the crux of this motion – that as to putative class members whose claims for relief relate to a non-California policy, it makes no difference whatsoever whether such a policy renewed in California after January 1, 2013 if they cannot as a threshold matter establish that the Statutes apply to non-California policies. Plaintiff Bentley lacks incentive to litigate that issue because it is entirely inapplicable to her claim. That issue is not, as Plaintiff has asserted,

HINSHAW & CULBERTSON LLP
4675 MacArthur Court
Suite 545
Newport Beach, CA 92660
949-757-2800

300892245v1 0977380

merely a "unique defense" against a segment of putative class members; it is a core legal issue central to class certification that defines who may be part of the putative class that Plaintiff seeks to represent.[8]

Finally, Plaintiff argues there exists commonality because the purported core legal issue of "the applicability of the Statutes to renewal in California…will impact the claims [of] all class members," boldly asserting, "[a]ny differences concerning the location of policy issuance are immaterial." Plaintiff's Opp., p. 15:17-19. Nothing could be further from the truth. The location of policy issuance is absolutely critical to the viability of the claims being asserted on behalf of putative class members seeking relief under non-California policies. A key threshold question that must be resolved in the class certification inquiry is, "who is entitled to participate in this action as a class member?" Plaintiff asserts that United violated the terms of California statutes that proscribe specific conduct with respect to life insurance policies "issued or delivered" in California. The class as defined by Plaintiff purports to encompass class members whose claims arise from policies that were neither issued nor delivered in California. Thus, Plaintiff's defined class purports to include members that are, as a matter of law, ineligible to participate because the law that forms the basis of the underlying claim clearly does not apply to them. Accordingly, Jennifer Bentley's claims plainly lack commonality with those of putative class members whose claims relate to non-California policies. *See Dukes, supra*, 564 U.S. at 350 (held that commonality was lacking where plaintiff alleged a violation of the same law but failed to demonstrate commonality with respect to how that law was violated with respect to the putative class members).

---

[8] While Plaintiff Bentley lacks any interest in expanding the class to include policies issued or delivered outside California, her counsel has a great interest in misinterpreting the Statutes to apply to such policies so that they can increase the number of class members. The desire of counsel to make this class as big as possible, however, is not a factor to be considered by this Court under Rule 23.

HINSHAW & CULBERTSON LLP
4675 MacArthur Court
Suite 545
Newport Beach, CA 92660
949-757-2800

15

300892245v1 0977380

## VI.   **CONCLUSION**

For the reasons stated above and in United's moving papers, United respectfully requests this Court issue an order denying class certification of a class defined to include beneficiaries of life insurance policies issued or delivered outside of California; specifically, an order finding that Plaintiff Jennifer Bentley fails to demonstrate the prerequisites for class certification under Rule 23(a) (2), (3) and (4) with respect to beneficiaries of life insurance policies that were not issued or delivered in California.

DATED:  December 20, 2017                    HINSHAW & CULBERTSON LLP

                                        By:   /s/ *Jenny H. Wang*
                                              Martin E. Rosen
                                              Larry M. Golub
                                              Jenny H. Wang
                                              Attorneys for Defendant
                                              United of Omaha Life Insurance
                                              Company

HINSHAW & CULBERTSON LLP
4675 MacArthur Court
Suite 545
Newport Beach, CA 92660
949-757-2800

300892245v1 0977380