UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENIFER BENTLEY, as trustee of the 2001 Bentley Family Trust., <br><br> Plaintiff, <br><br> v. <br><br> UNITED OF OMAHA LIFE INSURANCE COMPANY, <br><br> Defendant. | Case No. CV 15-7870 DMG (AJWx) <br><br> **ORDER RE DEFENDANTS' MOTION TO DENY CLASS CERTIFICATION [111]** |

This matter is before the Court on Defendant United of Omaha's ("United") Motion to Deny Class Certification. [Doc. # 111.] The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7–15. For the reasons set forth below, Defendant's Motion is DENIED.

**I.**
**PROCEDURAL BACKGROUND**

On December 4, 2015, Plaintiff Jennifer Bentley ("Bentley") filed a First Amended Class Complaint ("FAC") against Defendant alleging claims for (1) breach of contractual

-1-

duty to pay a covered claim; (2) breach of the implied covenant of good faith and fair dealing; and (3) violation of California Business & Professions Code § 17200 *et seq.* ("UCL"). [Doc. # 16.] United then filed a motion to dismiss, which the Court granted in part and denied in part. ("June 22, 2016 Order") [Doc. # 27.] The Court also denied United's alternative motion to strike the class allegations. *Id.*

On July 22, 2016, United filed a motion requesting that the Court certify its denial order for interlocutory appeal and stay the case pending appeal. [Doc. # 30.] The Court denied this request. ("September 14, 2016 Order") [Doc. # 46.]

On January 25, 2017, Bentley filed the operative Third Amended Class Action Complaint ("TAC") alleging class claims for (1) breach of contractual duty to pay covered claim; (2) breach of the implied covenant of good faith and fair dealing; or, in the alternative, an individual claim for (3) breach of contractual duty to pay a covered claim. [Doc. # 87.] The Court granted United's motion to dismiss Bentley's individual breach of contract claim, but denied the rest of the motion. ("August 8, 2017 Order") [Doc. # 107.]

United now moves to deny class certification. ("Motion") [Doc. # 111.] For the reasons stated below, the Court DENIES United's motion to deny class certification.

## II.
## FACTUAL BACKGROUND

The Court incorporates its discussion about the factual background from its August 8, 2017 Order.

## III.
## DISCUSSION

Defendants may bring a "preemptive" motion to deny certification. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939 (9th Cir. 2009). A motion to deny class certification and a motion to strike class allegations are functionally equivalent. *See Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1711 n.7 (2017); *Bates v. Bankers Life & Casualty Co.*, 848 F.3d 1236, 1238 (9th Cir. 2017) (*per curiam*); *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 110 n.2 (4th Cir. 2013).

In this case, the Court has already denied United's motion to strike class allegations twice before. June 22, 2016 Order at 11–12; August 8, 2017 Order at 10. Because United appears to rehash old arguments, the Court will treat its motion to deny class certification as a motion for reconsideration under Federal Rule of Civil Procedure 60(b).

Rule 60(b) permits a court to relieve a party from any prior order or decision for a number of reasons including, but not limited to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered with reasonable diligence; and (3) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(2), (6).

Local Rule 7-18 limits reconsideration, however, to three enumerated grounds: "(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision." Additionally, "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id.*

Defendants do raise a slightly different argument from that in previous motions. Specifically, United argues that Plaintiffs have modified their class allegation, making it impossible to certify their class under Rule 23. Motion at 6–8. The Court's main concern continues to be that "[m]otions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle . . . ." *Thorpe v. Abbott Labs., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008); *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011) (same). The Court is especially disinclined to strike class allegations or deny class certification at this stage of the proceedings because discovery has not been completed.

Defendant argues that no additional discovery is needed. For instance, United notes that Plaintiff has completed a Rule 30(b)(6) deposition. ("Reply") [Doc. # 117] at 3. United neglects to mention, however, that the Rule 30(b)(6) deposition took place *after* Plaintiff submitted her opposition to this motion. *Compare* ("Golub Decl.") [Doc. # 117–1] ¶2 (deposition occurred on December 13, 2017), *with* ("Opp'n") [Doc. # 113] (filed December 5, 2017). Moreover, the Magistrate Judge recently ordered United to produce documents and answer interrogatories. [Doc. # 118.] Indeed, the Magistrate Judge issued his order on the same day United filed its reply brief in support of this motion, and the deadline for production was January 3, 2018. *Id.* It would be premature for the Court to deny class certification before Plaintiff has had an opportunity to complete discovery.

## IV.
## CONCLUSION

In light of the foregoing, Defendants' Motion to Deny Class Certification is **DENIED**, without prejudice to renewal of such arguments as are appropriate to class certification when Defendants file their opposition to Plaintiff's motion for class certification, which is due on February 2, 2018. Any further arguments seeking reconsideration of issues that the Court has previously decided will be summarily denied, absent a showing of the emergence of new material facts or law. The January 5, 2018 hearing is **VACATED**.

**IT IS SO ORDERED.**

DATED: January 4, 2018

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE