Christopher Pitoun (SBN 290235)
*christopherp@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7150

*Attorneys for Plaintiff and the Class* [Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER BENTLEY, as trustee of the 2001 Bentley Family Trust, and others similarly situated. <br><br> Plaintiffs, <br><br> v. <br><br> UNITED OF DEFENDANT LIFE INSURANCE COMPANY; and DOES 1 TO 50, inclusive, <br><br> Defendants. | **No. 15-cv-07870-DMG (AJWx)** <br><br> PLAINTIFF'S RESPONSE TO UNITED NOTICE OF NEWLY ISSUED DECISION AND NOTICE OF INTENT TO SEEK A STAY <br><br> Honorable Dolly M. Gee |

# RESPONSE TO UNITED NOTICE OF NEWLY ISSUED DECISION AND <u>NOTICE OF INTENT TO SEEK A STAY</u>

Plaintiff Jennifer Bentley, on behalf of the Class in this action ("Plaintiff"), hereby responds to Defendant United of Omaha Life Insurance Company's ("United") Notice of Newly Filed Decision and Notice of Intent to Request a Stay (Dkt. No. 192). As explained herein, the decision cited by United - *McHugh v. Protective Life Insurance Company*, Case No. D072863 ("*McHugh*") – does not impact Plaintiff's action and should not hold up entry of final judgment or the Court's decision on Plaintiff's request for attorneys' fees, costs and an incentive award.

As an initial matter, *McHugh* is not binding on this Court. While state court intermediate appellate rulings should be considered for guidance, only a ruling from a state's highest court necessarily controls a federal court's decision of state law. *McKown v. Simon Prop. Group, Inc.*, 689 F.3d 1086, 1092 (9Th Cir. 2012)("Since we are sitting in diversity, we must begin with the pronouncements of the state's highest court, which bind us" *** "We must also keep in mind that *only* the [the state's highest court] decisions are binding...")(emphasis in original).

Even if *McHugh* were controlling, it would have no bearing on this case because it is factually and legally inapposite. In *McHugh*, the policy-owner's policy never renewed after the Statutes went into effect. *See* Opinion at 7 of 20. Given this fact, the *McHugh* court did not analyze the law or arguments concerning the renewal principle, that is, that "[e]ach renewal [of an insurance policy] incorporates any changes in the law that occurred prior to the renewal." *See e.g.*, *Stephan v. Unum Life Ins. Co. of Am.*, 697 F.3d 917, 927-28 (9th Cir. 2012); *Cerone v. Reliance Std. Life Ins. Co.*, 9 F. Supp. 3d 1145, 1149 (S.D. Cal. 2014); *Modglin v. State Farm Auto. Ins. Co.*, 273 Cal. App. 2d 693, 700-701 (1969). The decision therefore didn't address, much less disturb, this long-standing rule of statutory construction.

Here, of course, the renewal principle is a core feature of the case. As a condition of being a member of the Plaintiffs' Class, each policy had to have been issued, delivered or, as with the Mr. Bentley's policy, renewed <u>after</u> the Statues went into effect. *See Summary Judgment Decision*, Feb, 21, 2019, Dkt. No. 174 at 2 of 28. Moreover, the Court's summary judgment ruling against United was premised on United's failure to issue the Notice to policies that had renewed. *Id.* at 18-21 of 28. Indeed, this Court rejected Plaintiffs' arguments that the Statutes could be applied more broadly to all policies in force after the Statues' Effective Date. *Id.* at 20 of 28, f.n. 12 ("The parties' extensive briefing regarding the renewal policy makes it clear to the Court that a renewal must occur before the Statutes can apply to the Class Policies. The mere concurrence of Class Policies in force when the Statutes became effective is insufficient for the Statutes to apply to the Class Policies."). In other words, what this Court has already ruled is entirely consistent with *McHugh.*

For the foregoing reasons, Plaintiff submits that the *McHugh* decision should in no way delay final resolution of this action, and Plaintiff will oppose any request by United to this end.

DATED: October 14, 2019         HAGENS BERMAN SOBOL SHAPIRO LLP

By: */s/ Christopher Pitoun*

Christopher Pitoun (SBN 290235)
*christopherp@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7150

Plaintiff's Response to United Notice of New Decision and Intent to Seek a Stay

| | |
|---|---|
| 1 | |
| 2 | Jason A. Zweig |
|   | *jasonz@hbsslaw.com* |
| 3 | HAGENS BERMAN SOBOL SHAPIRO LLP |
|   | 455 N. Cityfront Plaza Drive, Suite 2410 |
| 4 | Chicago, IL 60611 |
| 5 | Telephone: (708) 628-4949 |
| 6 | Paul E. Slater |
|   | Mitch Macknin |
| 7 | Joseph M. Vanek |
|   | John P. Bjork |
| 8 | pes@sperling-law.com |
|   | SPERLING & SLATER, P.C. |
| 9 | 55 W. Monroe Street, Suite 3500 |
|   | Chicago, IL 60603 |
| 10 | Telephone: (312) 641-3200 |
| 11 | David S. Klevatt |
| 12 | *dklevatt@chicagolaw.biz* |
|   | KLEVATT & ASSOCIATES, LLC |
| 13 | 33 North LaSalle Street, Suite 2100 |
| 14 | Chicago, IL 60602-2619 |
|   | Telephone: (312) 782-9090 |
| 15 | |
| 16 | *Attorneys for Plaintiff and the Class* |

Plaintiff's Response to United Notice of New Decision and Intent to Seek a Stay