Christopher Pitoun (SBN 290235)
*christopherp@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7150

*Attorneys for Plaintiff and the Class* [Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNIFER BENTLEY, as trustee of the 2001 Bentley Family Trust, and others similarly situated.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED OF DEFENDANT LIFE INSURANCE COMPANY; and DOES 1 TO 50, inclusive,<br><br>Defendants. | **No. 15-cv-07870-DMG (AJWx)**<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO UNITED'S EX PARTE APPLICATION FOR A STAY**<br><br>Honorable Dolly M. Gee<br><br>Complaint Filed: August 27, 2015 |

# RESPONSE TO UNITED OF OMAHA'S EX PARTE APPLICATION TO STAY FINAL JUDGMENT

Plaintiff Jennifer Bentley, on behalf of the Class in this action ("Plaintiff"), hereby responds to Defendant United of Omaha Life Insurance Company's ("United") Ex Parte Application to Stay This Action Pending Finality of the *McHugh v. Protective Life* Decision (Dkt. No. 194-1)("Application"). United's Application should be denied for many reasons, several of which were addressed in Plaintiff's Response to United's Notice of Newly Filed Decision and Notice of Intent to Request a Stay (Dkt. No. 193)("Notice Response").

### 1. **The facts and legal holdings in *McHugh* do not impact this case.**

As explained in Plaintiff's Notice Response, *McHugh v. Protective Life Insurance Company*, Case No. D072863 ("*McHugh*") is inapposite to the facts and the core legal issues in this case. Factually, *McHugh* did not concern a policy that renewed after the Statutes went into effect. *See* Opinion at 7 of 20. Accordingly, the legal issue in *McHugh* did not concern the renewal principle on which our case turns.

In our case, United's liability is based on policy renewals after the Effective Date and the legal consequences thereof pursuant to the renewal principle. The Court conditioned class membership on each policy having been issued, delivered or, as with Mr. Bentley's policy, renewed <u>after</u> the Statues went into effect. *See Summary Judgment Decision*, Feb. 21, 2019, Dkt. No. 174 at 2 of 28. Indeed, the Court specifically rejected Plaintiffs' argument that the Statutes could be applied more broadly to all policies in force after the Statutes' Effective Date, regardless of whether they renewed after the Effective Date:

> The parties' extensive briefing regarding the renewal policy makes it clear to the Court that **a renewal must occur before the Statutes can apply to the Class Policies**. The mere concurrence of Class Policies in force when the Statutes became effective is insufficient for the Statutes to apply to the Class Policies. *Id.* at 20 of 28, f.n. 12 (emphasis added)

Moreover, the Court's summary judgment ruling against United was premised on United's failure to issue the Notices to policies that had renewed. *Id.* at 18-21 of 28.

Thus, the Court's core holding is entirely consistent with *McHugh*. The Statutes covered only renewed policies – and not "the mere concurrence of Class Policies in force when the Statutes became effective." The only difference is that this Court had to consider whether the Statutes applied to renewals, while *McHugh* did not. The Court's answer in the affirmative was correct based on the well-established renewal principle, and nothing in *McHugh* holds differently. *See Stephan v. Unum Life Ins. Co. of Am.*, 697 F.3d 917, 927-28 (9th Cir. 2012)( "[e]ach renewal [of an insurance policy] incorporates any changes in the law that occurred prior to the renewal."); *Cerone v. Reliance Std. Life Ins. Co.*, 9 F. Supp. 3d 1145, 1149 (S.D. Cal. 2014); *Modglin v. State Farm Auto. Ins. Co.*, 273 Cal. App. 2d 693, 700-701 (1969). *McHugh* does not impact this case, much less to the extent of warranting a stay.

2. **The *McHugh* decision is not binding because it is not on point, and in any event there is "convincing evidence" the California Supreme Court would rule differently.**

*McHugh* is not binding on this Court because the facts and legal analysis are distinct from this case. But even if *McHugh* had analyzed renewals and the renewal principle – which it did not – this would constitute non-binding dicta. *See Sentry Ins. A Mut. Co. v. Am. Nat'l Fire Ins. Co.*, 2006 U.S. Dist. LEXIS 103107, *24 (C.D. Cal. Aug. 9, 2006) ("The Court declines to follow the reasoning of the State Farm court for two reasons: first, it is dicta, and therefore not binding on this Court sitting in diversity...") And even then, the dicta would be unpersuasive because it would be at odds with *Modglin v. State Farm Auto,* 273 Cal. App. 2d 693, 700-701.

As the Court knows from numerous prior briefings, *Modglin* held that an insurance policy purchased in Arizona and later renewed in California was governed by an uninsured motorist statute covering policies "issued or delivered" in California on

account of the renewal after the statutes went into effect. *Modglin*, 273 Cal. App. 2d at 695-697, 700-701. In other words, *Modglin*, unlike *McHugh*, actually considered a renewal and its impact on statutes containing the language "issued or delivered" in California. Accordingly, it is the *Modglin* precedent, not *McHugh*, that would guide the California Supreme Court's analysis of the renewal principle as applied to the Statutes. Put differently, because *Modglin* is directly on point, and *McHugh* is not, there would be "convincing evidence that the state supreme court would rule differently" than *McHugh*, even assuming *McHugh* could be interpreted in the manner United suggests. *See* Application at 7 (United conceding that *McHugh* would not be binding if this sort of "convincing evidence" existed). [1]

### 3. **The stay United is requesting will likely be much longer than United contends and prejudice Plaintiff and the Class.**

United grossly underestimates the potential length of its requested stay. If a petition for rehearing is granted in *McHugh*, the prior opinion will be vacated and the matter set "at large in the Court of Appeal" (California Rules of Court 8.268(d)), causing a delay much longer than the few months United speculates. Insofar as there is a successful petition to the California Supreme Court, then the delay will be even

---

[1] Additional "convincing evidence" comes from the California Supreme Court's cannon of statutory construction that the Legislature is presumably aware of prior judicial constructions of terms and phrases and intends for those meanings to be applied to future statutes unless stated otherwise. *See People v. Johnson*, 60 Cal. 4th 966, 991 (2015). Because *Modglin* interpreted statutory language very similar to the language in the Statutes to include policy renewals in California, had the Legislature desired a different interpretation, it could and would have said so. *See People v. Johnson*, 60 Cal. 4th at 991("We presume that when the Legislature employs words that have been Judicially construed (and especially so recently), it intends the words to have the meaning the courts have given them. Indeed, we have described this presumption as 'almost irresistible.'"). The Legislature did not, and therefore, it is highly likely the California Supreme Court would adopt Plaintiff's interpretation over United's based on its own precedent.

longer. After a decision to accept the petition, which would not happen until early 2020 at the earliest, there would be months of briefing, followed by oral arguments many months or a year later, and finally a decision sometime after that. *See* California Rules of Court 8.512(b)(1); California Rules of Court 8.520(a); Supreme Court FAQ Answer regarding Oral Argument:, https://www.courts.ca.gov/2962.htm, ("...After the justices conclude that they have had sufficient time to consider the matter and that it is ready to be heard, it is scheduled for oral argument. Such scheduling typically occurs several months to a year after all briefs on the merits have been filed.").

While this extensive delay would suit United's interests, it would do just the opposite to the interests of Plaintiff and Class. It has been many years since United wrongfully lapsed the Class policies and improperly refused to honor its insurance commitments, and nearly eight months since the Court's summary judgment ruling. A further postponement in final judgment will deprive Class members of the insurance proceeds they are rightly owed and which are long overdue. Moreover, it will significantly reduce the value of the Class' claims due to, among other things, the time value of money and the below-market statutory pre-judgment interest rates that have been found applicable. There is simply no reason to unfairly prejudice the Class and Plaintiff in this way.

For the foregoing reasons, United's Application should be denied.

DATED: October 16, 2019          HAGENS BERMAN SOBOL SHAPIRO LLP

By:  */s/ Christopher Pitoun*

Christopher Pitoun (SBN 290235)
*christopherp@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone:  (213) 330-7150

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Jason A. Zweig
*jasonz@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949

Paul E. Slater
Mitch Macknin
Joseph M. Vanek
John P. Bjork
pes@sperling-law.com
SPERLING & SLATER, P.C.
55 W. Monroe Street, Suite 3500
Chicago, IL 60603
Telephone: (312) 641-3200

David S. Klevatt
*dklevatt@chicagolaw.biz*
KLEVATT & ASSOCIATES, LLC
33 North LaSalle Street, Suite 2100
Chicago, IL 60602-2619
Telephone: (312) 782-9090

*Attorneys for Plaintiff and the Class*

5