UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-7870-DMG (AJWx)** | Date | October 21, 2019 |
|---|---|---|---|
| Title | *Jennifer Bentley v. United of Omaha Life Insurance Company* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER DENYING DEFENDANT'S *EX PARTE* APPLICATION TO STAY CASE [194]**

On October 15, 2019, Defendant United of Omaha Life Insurance Company ("United") filed an *Ex Parte* Application to Stay Action Pending Finality of *McHugh v. Protection Life* Decision Issued October 9, 2019. [Doc. # 194.] On November 8, 2017, Plaintiff Jennifer Bentley, on behalf of the Class in this action, filed an Opposition to the *Ex Parte* Application. [Doc. # 195.] Having duly considered the parties' written submissions, the Court DENIES the request for a stay.

When determining whether to issue a stay, courts consider the following four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009)).

Instead of addressing the stay factors, Defendant points to an order recently issued by the California Court of Appeal in *McHugh v. Protection Life Insurance Co.* [Case No. D072863] holding that California Insurance Code sections 10113.71 and 10113.72 do not apply to policies issued prior to January 1, 2013. *Ex Parte* Application at 5 [Doc. # 194]. Defendant argues that "the reasoning and holding of the California Court of Appeal in *McHugh* must be applied by this Court." *Id.*

As Defendant notes, "[w]here there is no convincing evidence that the state supreme court would decide differently, a federal court is obligated to follow the decisions of the state's intermediate appellate courts." *Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 995 (9th Cir. 2007) (quoting *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001)). But

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-7870-DMG (AJWx)** | Date | October 21, 2019 |
|---|---|---|---|
| Title | *Jennifer Bentley v. United of Omaha Life Insurance Company* | Page | 2 of 2 |

Defendant has not made a strong showing that this Court is obligated to follow *McHugh* or that it is likely to succeed on the merits in light of *McHugh*. The insurance policy at issue in *McHugh* was never renewed, and the opinion did not discuss the prospective application of the relevant insurance code sections through California's renewal principle as articulated by either the Ninth Circuit or the California Court of Appeal. *See Stephan v. Unum Life Ins. Co. of Am.*, 697 F.3d 917, 927-28 (9th Cir. 2012) ("Each renewal [of an insurance policy] incorporates any changes in the law that occurred prior to the renewal."); *Modglin v. State Farm Auto. Ins. Co.*, 273 Cal. App. 2d 693, 700 (1969) ("[I]f we were to render the construction to the statute which the defendant submits and formulate a rule that the statute only applies to new policies, as distinguished from renewals of existing policies, the purpose of the Uninsured Motorist Law could be circumvented by the mere expedient of insurance of insurance [sic] carriers renewing their policies instead of issuing new ones. The Legislature never intended such a result."). Because *Modglin* provides convincing evidence that the California Supreme Court could rule differently from the *McHugh* court in the context of a policy renewal, this Court is not obligated to follow *McHugh*.

Defendant does not assert that it will suffer irreparable harm from denial of its application for a stay until the *McHugh* decision is finalized. Plaintiff asserts, however, that a potentially lengthy stay would substantially injure her and the Class Members' interests, depriving them of insurance proceeds and reducing the value of their claims.

In light of the foregoing, Defendant's *Ex Parte* Application to stay this action is **DENIED**.

**IT IS SO ORDERED.**