Christopher Pitoun
*christopherp@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone:  (213) 330-7150

Joseph M. Vanek (*pro hac vice*)
*jvanek@sperling-law.com*
John P. Bjork (*pro hac vice*)
*jbjork@sperling-law.com*
SPERLING & SLATER, P.C.
55 W. Monroe Street, Suite 3200
Chicago, IL 60603
Telephone: (312) 224-1500

*Attorneys for Plaintiff and the Class*
*Additional Counsel Listed on Signature Block*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER BENTLEY,<br><br>                              Plaintiff,<br><br>       v.<br><br>UNITED OF OMAHA LIFE INSURANCE COMPANY;<br><br>                              Defendants. | No. 15-cv-07870-DMG (AJWx)<br><br>**DECLARATION OF JASON A. ZWEIG IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS-ACTION SETTLEMENT** |

I, Jason A. Zweig, declare as follows:

1.      I am an attorney licensed to practice before the Courts of Illinois and New York. I am a partner in the law firm of Keller Lenkner LLC. I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would testify competently to them. I make this declaration in support of plaintiff's motion for preliminary approval of a class-action settlement between the plaintiff class and defendant United of Omaha Life Insurance Company (*United*).

2.      Attached as exhibit one is a true and correct copy of the December 23, 2021 settlement agreement among the class plaintiffs and United.

3.      Attached as exhibit two is a true and correct copy of plaintiff's calculations of the total class damages and prejudgment interest at 10% prejudgment interest, which is the rate of prejudgment interest that plaintiff argued applied in this case.

4.      Attached as exhibit three is a draft notice of class action settlement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury, under the laws of the United States that the foregoing is true and correct.

Executed this 14th day of February 2022, Chicago, Illinois.

_____

Jason A. Zweig

# Exhibit 1

# SETTLEMENT AGREEMENT
## AND
## GENERAL RELEASE OF CLAIMS

1.    **PARTIES**

      This Settlement Agreement and General Release of Claims ("Agreement") is made and entered by and between Jennifer Bentley ("Plaintiff"), individually and on behalf of the members of the class certified by Orders of Court dated May 1, 2018, and August 3, 2018 (ECF Nos. 132 and 158), and United of Omaha Life Insurance Company ("Defendant"), as of December 23, 2021. In the remainder of this Agreement, Plaintiff and Defendant shall be referred to collectively as the "Parties."

2.    **RECITALS**

This Agreement is entered into with reference to the following facts:

A.      On August 27, 2015, Plaintiff filed a complaint against Defendant in the Los Angeles County Superior Court for breach of contract and other relief based on Defendant's failure to pay Plaintiff death benefits under a policy of life insurance issued to Eric Bentley.

B.      Defendant removed the action to the United States District Court for the Central District of California where it was docketed as case No. 15-CV-7870.

C.      After removal, Plaintiff amended her complaint to include claims by a class of similarly situated beneficiaries of certain life insurance policies that Defendant allegedly lapsed or terminated in violation of sections 10113.71 and 10113.72 of the California Insurance Code. The amended complaint, styled as *Jennifer Bentley as Trustee of the 2001 Bentley Family Trust, and Others Similarly Situated, Plaintiff vs. United of Omaha Life Insurance Company, Defendant* (the "Litigation"), sought, *inter alia*, an order certifying the class defined, appointing the Plaintiff as class representative, contract damages equal to the death benefits payable under the lapsed policies, prejudgment interest, reasonable attorneys' fees and costs, and other relief.

D.      On May 1, 2018, the district court approved Plaintiff as the class representative and certified the following class:

      All beneficiaries who made a claim, or would have been eligible to make a claim, for the payment of benefits on life insurance policies renewed, issued, or delivered by United of Omaha Life Insurance Company ("Omaha") in 2013 in the State of California that lapsed or were terminated by Omaha for the non-payment of premium after January 1, 2013 (and which were not affirmatively cancelled by the policyholder), and as to which policies one or more of the third-party notices described by Sections 10113.71 and 10113.72 of the California Insurance Code were not sent by Omaha prior to lapse or termination.

E.      On August 3, 2018, the class definition was slightly modified by the Court to
        read:

        All beneficiaries who made a claim, or would have been eligible to make a claim,
        for the payment of benefits on life insurance policies renewed, issued or delivered
        by United of Omaha Life Insurance Company ("Omaha") in the State of
        California that lapsed or were terminated by Omaha for the non-payment of
        premium after January 1, 2013 (and which were not affirmatively cancelled by the
        policyholder), and as to which policies the policyholder(s) did not receive one or
        more of the notices of the right to designate under Section 10113.72 of the
        California Insurance Code.

F.      In connection with the Court's May 1, 2018, order certifying the class, and
        pursuant to Fed. R. Civ. P. 23(g), the district court also appointed Joseph M.
        Vanek and Jason A. Zweig as class counsel.

G.      On March 31, 2020, after appropriate notice to the class and the expiration of the
        opt-out period, the district court entered judgment in favor of Plaintiff and the
        certified class and against Defendant in the stipulated amount of two million nine
        hundred forty-three thousand four hundred fifty-seven dollars and sixty-seven
        cents ($2,943,457.67) ("Judgment"); granted class counsel attorneys' fees totaling
        33.3% of the Judgment; awarded Class counsel their reasonable costs from the
        Judgment totaling $32,896.86; and granted Plaintiff an incentive award from the
        Judgment in the amount of $10,000.

H.      Defendant filed a timely appeal from the Judgment and Plaintiff filed a timely
        cross-appeal. The appeal and cross-appeal were docketed in the U.S. Court of
        Appeals for the Ninth Circuit as Nos. 20-55435 and 20-55466, respectively, and
        later consolidated (the "Appeal").

I.      One of the issues raised in the cross-appeal is whether Plaintiff and the class are
        entitled to a significantly higher rate of prejudgment interest on the death benefits
        found payable by the district court.

J.      After the appeal and cross-appeal were fully briefed, a clerical error was
        discovered in the final class list that formed the basis of the Parties' stipulated
        Judgment. The Parties have agreed that based on this error (affecting only one of
        the policies in the final class list) the district court should have entered judgment
        against Defendant in the amount of two million four hundred twenty-seven
        thousand one hundred twenty-seven dollars and seventy-nine cents
        ($2,427,127.79) ("Corrected Judgment").

K.      As a result of the discovery of the clerical error, Defendant filed a motion seeking
        leave from the Ninth Circuit to file a FRCP 60(a) motion in the district court for
        entry of the Corrected Judgment, which motion remains pending before the Ninth
        Circuit.

-2-

L.      Plaintiff and Defendant now intend to settle and finally resolve the Appeal and all claims that Plaintiff and the class members asserted against Defendant through the class action complaint. Defendant disputes Plaintiff's and the class members' claims and makes no admission of liability. However, Plaintiff (on behalf of herself and the class members) and Defendant consider it desirable that the Appeal and the issues raised therein be settled upon the terms and conditions set forth in this Agreement, in order to avoid further expense as well as the risks and burdens of continued protracted litigation.

M.      By resolving this matter, the Parties intend to avoid the expense and inconvenience of further litigation, and to buy peace. Plaintiff and the class members desire to settle their claims against Defendant, having taken into account, through their counsel, the risks, delay and difficulties involved in further litigation. Based on the foregoing, and upon an analysis of the benefits which this Agreement affords the class members, Plaintiff and counsel for the class considers it in the best interest of the class to enter into this Agreement, and that the Agreement is fair, reasonable, adequate, and in the best interests of the class.

N.      Counsel for Plaintiff additionally believes, based on a significant amount of experience, that the proposed class action settlement is fair, adequate, and reasonable, and Plaintiff agrees, because it provides the Plaintiff and the class the amounts owed pursuant to their policies (minus any premiums, loan payments or interest owed), and, an additional amount of prejudgment interest on their death benefits of $572,872.21, which represents a significantly greater sum of prejudgment interest than the district court awarded. Other than addressing the clerical error set forth in the amount of the Corrected Judgment, and the agreed-upon amount of additional prejudgment interest, no other aspects of the Judgment entered by the district court are being altered by this Agreement.

O.      Plaintiff and Defendant, prior to entering into this Agreement, through their counsel, engaged in extensive arms-length negotiations and exchanges of information and, with the assistance of the Ninth Circuit Mediator, reached this agreement to settle the Appeal and the Litigation, and it is the desire and intent of the Parties by entering into this Agreement to effectuate the entry of a Corrected Judgment and to secure the district court's approval of the settlement contemplated by this Agreement.

## 3.    <u>PARTIES' OBLIGATIONS</u>

In consideration of the facts and general releases and promises contained herein, and for other good and valuable consideration, the receipt of which is acknowledged by each Party hereto, the Parties promise and agree as follows:

A.      Defendant agrees to pay Plaintiff and the class, through their counsel, the sum of three million dollars ($3,000,000), inclusive of attorney's fees and costs and Class representative fee awarded by the Court ("Payment").

0977380\309791768.v1

B.     The Payment shall be due and payable within ten business days after the following events have occurred:

(i) Execution of this Agreement by the Parties;

(ii) A limited remand by the Ninth Circuit and the following actions taken by the District Court:

> (a) entry of the Corrected Judgment;
> (b) preliminary approval of this Agreement;
> (c) approval of the form and manner of any additional class notice deemed necessary by the district court.

(iii) Receipt of W-9 documents from counsel for the Class.

C.     Fourteen (14) days after the Effective Date (defined below), Class counsel will provide the following:

(i) A fully executed Satisfaction of Judgment by Plaintiff individually and on behalf of the class in the form attached to this Agreement as **Exhibit A**.

(ii) Executed documents necessary for the Parties to dismiss the appeal and cross-appeal with prejudice.

D.     The Payment shall be made by check payable to the "Sperling & Slater IOLTA Client Trust Fund Account."

E.     Within 14 days of final approval of the settlement, Plaintiff's counsel will deliver a spreadsheet to Defendant identifying each class member's share of the Payment.

F.     Finality of Settlement. This Settlement Agreement and the Settlement shall become final upon the occurrence of all of the following (the "Effective Date"):

a. The Settlement and this Settlement Agreement are approved by the district court as required by Federal Rule of Civil Procedure 23(e);

b. The district court enters an order finally approving the Settlement substantially in the form agreed to herein, entering a final judgment of dismissal with prejudice as to Defendant (Final Approval Order); and

c. The time for appeal from the district court's signing of the Final Approval Order has expired or, if the Final Approval Order is appealed, it has been resolved by agreement and withdrawn by the appealing party, or it has been affirmed by the court of last resort to which an appeal of such Final Approval Order may be taken and such affirmance has become no longer subject to further appeal or review.

0977380\309791768.v1

F.  In the event the Agreement is disapproved, terminated, or otherwise fails to become effective, the Payment shall be refunded to Defendant within five business days.

4.  **AGREEMENTS, RELEASES AND PROMISES**

A.  <u>Compromise and Full Settlement</u>**.**  This Agreement is made as a compromise resulting from arms-length negotiations.  For these and other reasons, the Parties agree that this Agreement:  (a) shall not be presumptively construed against any Party, even if a court determines that the Agreement or provision thereof was drafted by one Party; and (b) shall not be admissible in any proceeding as evidence of, and shall not under any circumstances be considered an admission of the truth or legal sufficiency of, any or all of the arguments, allegations, claims and/or other matters asserted in the Litigation or the Appeal.

B.  <u>General Release of Known and Unknown Claims</u>**.**  Upon timely performance by Defendant of all of its obligations as set out in this Agreement, Plaintiff and the members of the certified class do hereby release and forever discharge Defendant and its parents, subsidiaries, affiliates, officers, directors, partners, predecessors, successors, representatives, insurers, reinsurers, assignees, employees acting within the scope of their employment, executors, administrators, heirs, and all other persons acting by, through, or in any way on behalf of Defendant (the "Released Parties"), of and from any and all claims, debts, defenses, liabilities, costs, attorneys' fees, actions, suits at law or equity, demands, contracts, expenses, damages, whether general, specific, punitive, exemplary, contractual or extra-contractual, and causes of action of any kind or nature which Plaintiff and the class have arising from or relating in any way to any conduct alleged or that could have been alleged in and arising from the factual predicate of the Litigation, from the beginning of time through the Effective Date, but excluding any and all representations, warranties, obligations, duties and covenants arising from this Agreement (the "Released Claims").

C.  <u>California Civil Code § 1542</u>.  This Agreement covers and includes all Released Claims that Plaintiff and the members of the certified class have against the Released Parties up to and including the date of this Agreement, whether actually known or not, despite the fact that any applicable state and/or federal law may provide otherwise.  Plaintiff hereby waives any rights or benefits under California Civil Code § 1542 (or similar federal or state statute, regulation, or rule), which provides:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."

D.    <u>CAFA Notice</u>.  Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Defendant shall serve notice of the Settlement as required under CAFA within 10 days after the date Plaintiffs file for preliminary approval of the proposed Settlement. Defendant shall contemporaneously provide Class Counsel with copies of the notice.

E.    <u>Motions for Indicative Ruling and Limited Remand</u>.  Within five (5) days of execution of this Agreement, the Parties shall file  a joint motion, in a form substantially the same as the attached **Exhibit B**, for a FRCP 62.1 indicative ruling by the District Court that it will, *inter alia*, preliminarily approve this Agreement pursuant to FRCP 23(e).  Within five (5) days of the District Court's issuance of the indicative ruling pursuant the Parties' joint request, the Parties shall file a motion for limited remand with the Ninth Circuit, in the form substantially the same as the attached **Exhibit C**, to allow the District Court to, *inter alia,* consider the Agreement and any related requests such as a petition for attorneys' fees and costs under FRCP 23(h).

F.    <u>Choice of Law.</u>  California law shall govern the validity and interpretation of this Agreement.

G.    <u>Attorneys' Fees and Costs</u>.  Except as provided in Section 3.A above, it is expressly understood by the Parties that each Party shall bear its own costs, expenses, and attorneys' fees in connection with the Litigation and this Agreement.  Further, the Parties waive and release any claims they otherwise have or may have had to such costs, expenses and/or attorneys' fees in any way arising from or relating to the Litigation, the Appeal and this Agreement.  This provision shall not impair Class Counsel's right to seek additional reimbursement for attorneys' fees and costs from the common fund that it has created by virtue of this settlement agreement.

H.    <u>Ambiguities</u>.  Both Parties have participated in the negotiation of this Agreement and, thus, it is understood and agreed that the general rule that ambiguities are to be construed against the drafter shall not apply to this Agreement.   In this Agreement, headings are for convenience of reference only and do not affect interpretation.

I.    <u>Severability</u>.  If any provision of this Agreement is held to be illegal, invalid or unenforceable, such provisions shall be fully severable, the Agreement shall be construed and enforced as if such illegal, invalid or unenforceable provision had never comprised a part of this Agreement, and the remaining provisions of this Agreement shall remain in full force and effect and shall not be affected by the illegal, invalid or unenforceable provision or by its severance from this Agreement. Furthermore, in lieu of such illegal, invalid or unenforceable provision, there shall be added automatically as part of this Agreement a provision as similar in terms to such illegal, invalid or unenforceable provision as may be possible and be legal, valid and enforceable.

-6-

J.    <u>Counsel</u>.  The Parties acknowledge that this Agreement is executed voluntarily by each of them, without any duress or undue influence on the part of, or on behalf of any of them. The Parties further acknowledge that they have or had the opportunity for representation in the negotiations for, and in the performance of, this Agreement by counsel of their choice and that they have read this Agreement, and have had an opportunity to have it fully explained to them by their counsel; and that in any case they are fully aware of the contents of this Agreement and its legal affect.

K.    <u>Entire Agreement</u>.  This Agreement constitutes a single, integrated, written contract expressing the entire understanding and agreement between the Parties, and the terms of the Agreement are contractual and not merely recitals.  Further, this Agreement supersedes any previous negotiations, agreements and understandings. The Parties acknowledge that they have not relied on any oral or written representations by the other Party to induce it to sign this Agreement, other than the terms of this Agreement.  The Parties agree that no modifications of this Agreement can be made except in writing signed by both Parties or by an authorized representative of the Parties.

L.    <u>Representative Capacity</u>.  The individuals whose signatures are affixed to this Agreement in a representative capacity represent and warrant that they are authorized to execute the Agreement on behalf of and to bind the entity or persons on whose behalf the signature is affixed.

M.    <u>All Changes in Writing</u>.  No changes, amendments, modifications, or alterations of this Agreement shall be valid or effective unless made in writing, and signed by both Parties.

N.    <u>Effectiveness and Counterparts</u>.  This Agreement may be executed in counterpart PDF signatures exchanged via email, and all such counterparts shall constitute a single form of this Agreement. Copies and PDF copies of signature pages shall be deemed to be originals for any and all purposes.  This Agreement shall become effective upon the execution of this Agreement by all Parties, including the releases set forth in sections 4.B and 4.C above.

**IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the last day set forth below.**

Dated _December 23, 2021

**UNITED OF OMAHA LIFE INSURANCE COMPANY**

_Nancy Crawford_
_____
**Nancy Crawford, General Counsel**


Dated _Dec. 23_, 2021

**SPERLING & SLATER, P.C.**

**COUNSEL FOR PLAINTIFF AND THE CLASS**

_Joe Vanek_
_____
**Signature**

_Joe Vanek_
_____
**Printed Name**

_Partner/Co-Lead_
_____
**Title**


**KELLER LENKNER LLC**

**COUNSEL FOR PLAINTIFF AND THE CLASS**

_Jason Zweig_
_____
**Signature**

_Jason Zweig_
_____
**Printed Name**

_Partner/Co-lead_
_____
Title


-8-

1  Christopher Pitoun
2  *christopherp@hbsslaw.com*
   HAGENS BERMAN SOBOL SHAPIRO LLP
3  301 North Lake Avenue, Suite 920
4  Pasadena, CA 91101
   Telephone:  (213) 330-7150
5
6  Joseph M. Vanek
7  *jvanek@sperling-law.com*
   John P. Bjork
8  *jbjork@sperling-law.com*
9  SPERLING & SLATER, P.C.
   55 W. Monroe Street, Suite 3500
10 Chicago, IL 60603
11 Telephone: (312) 641-3200
12
   *Attorneys for Plaintiff and the Class*
13
                **UNITED STATES DISTRICT COURT**
14              **CENTRAL DISTRICT OF CALIFORNIA**
15
   JENNIFER BENTLEY, as trustee of the
16 2001 BENTLEY FAMILY TRUST,
                                          No. 15-cv-07870-DMG (AJWx)
17                          Plaintiff,
                                          SATISFACTION OF JUDGMENT
18        v.
19 UNITED OF OMAHA LIFE
   INSURANCE COMPANY; and DOES 1
20 TO 50, inclusive,
21                          Defendants.
22
23
24
25
26
27
28

Plaintiff Jennifer Bentley, as Trustee of the 2001 Bentley Family Trust, individually and on behalf of the members of the class certified by Orders of Court dated May 1, 2018, and August 3, 2018, judgment creditors, by their attorneys, having received full satisfaction and payment, release the corrected judgment entered on _____, 2022, ECF ____, in the amount of two million four hundred twenty-seven thousand one hundred twenty-seven dollars and seventy-nine cents ($2,427,127.79) against United of Omaha Life Insurance Company and all pre-judgment interest, post-judgment interest, costs and attorneys' fees.

_____, 2022

HAGENS BERMAN SOBOL SHAPIRO LLP

BY: */s/ Christopher Pitoun*

Christopher Pitoun (SBN 290235)
christopherp@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone:  (213) 330-715

SPERLING & SLATER, P.C.

BY: */s/ Joseph M. Vanek*

Joseph M. Vanek
jmv@sperling-law.com
SPERLING & SLATER, P.C.
55 W. Monroe Street, Suite 3500
Chicago, IL 60603
Telephone: (312) 641-3200

KLEVATT & ASSOCIATES LLC

BY: */s/ David Klevatt*

David Klevatt
dklevatt@chicagolaw.biz
KLEVATT & ASSOCIATES, LLC
33 North LaSalle Street, Suite 2100
Chicago, IL 60602-2619
Telephone: (312) 782-9090

*Attorneys for Plaintiff and the Class*

**EXHIBIT A**

1    Christopher Pitoun (SBN 290235)
     christopherp@hbsslaw.com
2    HAGENS BERMAN SOBOL SHAPIRO LLP
3    301 North Lake Avenue, Suite 920
     Pasadena, CA 91101
4    Tel: (213) 330-7150
     Fax: (213) 330-7152
5

6    Joseph M. Vanek (*pro hac vice*)
     jvanek@sperling-law.com
7    John P. Bjork (*pro hac vice*)
     jbjork@sperling-law.com
8    SPERLING & SLATER, P.C.
     55 W. Monroe Street, Suite 3500
9    Chicago, IL 60603
10   Telephone: (312) 641-3200

11
     *Attorneys for Plaintiff and the Class*
12
     [Additional Counsel Listed on Signature Page]
13

14
15                   UNITED STATES DISTRICT COURT

16                  CENTRAL DISTRICT OF CALIFORNIA

17
18   | JENNIFER BENTLEY, as trustee of the 2001 Bentley Family Trust, and others similarly situated, | No. 15-cv-07870-DMG (AJWx) |

19

20                                          Plaintiff,

21        v.

22   UNITED OF OMAHA LIFE
     INSURANCE COMPANY; and DOES 1
23   TO 50, inclusive,

24                                          Defendants,

25

26

27

28

JENNIFER BENTLEY, as trustee of the
2001 Bentley Family Trust, and others
similarly situated,

                        Plaintiff,

     v.

UNITED OF OMAHA LIFE
INSURANCE COMPANY; and DOES 1
TO 50, inclusive,

                        Defendants,

No. 15-cv-07870-DMG (AJWx)

**NOTICE OF MOTION AND
JOINT MOTION FOR
INDICATIVE RULING
SUPPORTING RULE OF CIVIL
PROCEDURE 62.1(A)(3)
REGARDING THE COURT'S
WILLINGNESS TO ENTERTAIN
A MOTION FOR APPROVAL OF
CLASS ACTION SETTLEMENT**

Date: _____
Time:  9:30 a.m.
Judge: Hon. Dolly M. Gee
Courtroom:  8C

[Filed with Proposed Order]

<u>**NOTICE OF MOTION AND MOTION**</u>

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on _____ **at 9:30 a.m**. or as soon thereafter as the matter can be heard, in the Courtroom of the Hon. Dolly M. Gee, located at United States Courthouse, 350 West 1st Street, Los Angeles, CA, 90012, Courtroom 8C, 8th Floor, Plaintiff Jennifer Bentley, as Trustee of the 2001 Bentley Family Trust ("Plaintiff") and Defendant United of Omaha Life Insurance Co. ("United")(together, the "Parties") will and hereby do, jointly move for an order for an Indicative Ruling Supporting Federal Rule of Civil Procedure 62.1 (a)(3) regarding the Court's willingness to entertain a Motion for Approval of the Parties' Proposed Settlement of this Class Action.

This Motion is based on this notice and motion, and the following memorandum of points and authorities, as well as the pleadings and papers filed in this action and such other matters as the Court may consider.

## I.  INTRODUCTION

The Parties file this motion jointly to effectuate this Court's review of a proposed full and final settlement reached between them ("Settlement Agreement") which, if approved by the Court, would fully resolve this class-action litigation. *See* Settlement Agreement attached as **"Exhibit A"**.  United's appeal of the judgment in favor of Plaintiff and Class in this action divested this Court of jurisdiction.  Accordingly, for this Court to consider approval of the Parties' Settlement Agreement —which  it, not the appellate court,  must do in the first instance—the Parties respectfully request that the Court issue an indicative ruling regarding its willingness to consider the Parties' motion for settlement approval.  This will allow for a limited remand of the action from the Ninth Circuit so that the Court may then consider the proposed settlement in accordance with Federal Rule of Civil Procedure 23.

## II.  PROCEDURAL HISTORY

On May 1, 2018, this Court certified a class made up of various beneficiaries of life insurance policies issued by United and appointed Ms. Bentley to be the Class representative.  [ECF No. 132] On February 22, 2019, the Court granted Plaintiff's motion for summary judgment on behalf of the Class against United. [ECF No. 174] After summary judgment, the Parties negotiated a stipulated final judgment, and on March 31, 2020, the Court entered final judgment for the Class in the amount of $2,943,457.6.  [ECF No. 200]

On April 23, 2020, United timely filed a notice of appeal.  [ECF No. 203]  On April 27,2020, Plaintiff timely filed a notice of cross-appeal  [ECF No. 204]  The Parties thereafter fully briefed the appeal and cross-appeal from September 2020 through February 2021. Prior to oral argument or ruling on the appeals, the Parties agreed to participate in the Ninth Circuit Mediation Program.  As a result of the mediation process, the Parties have agreed to the terms outlined in the Settlement Agreement.

Class Counsel are prepared to file a motion for preliminary approval of the settlement agreement within 14 days of a limited remand from the Ninth Circuit Court of Appeals.  Because the proposed settlement requires court approval pursuant to Federal Rule of Civil Procedure 23, and because such approval is properly considered in the first instance by a district court, the Parties make this motion for an indicative ruling to allow the Ninth Circuit to return jurisdiction to this Court.

### III.  ARGUMENT

A.    **The Court is authorized to issue an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1.**

Most of the time, "a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).  The limited remand procedure invoked here is an exception. In the Ninth Circuit, this procedure originated with *Crateo, Inc. v. Intermark, Inc.* 536 F.2d 862, 869 (9th Cir. 1976).  Limited remands became so "widely accepted" across the federal system that the procedure "has now been codified into the Federal Rules." *Dominguez v. Gulf Coast Marine & Assocs., Inc.*, 607 F.3d 1066, 1074 n.5 (5th Cir. 2010). The trial and appellate rules now contain intertwined provisions guiding the limited remand process (Federal Rule of Civil Procedure 62.1 and Federal Rule of Appellate Procedure 12.1).

One court explained: "The procedure that must be followed under Rule 62.1 first involves asking the District Court to indicate what it would do with the question, or at least consider whether there is a serious issue raised." *Defenders of Wildlife v. Salazar*, 776 F. Supp. 2d 1178, 1182 (D. Mont. 2011). The pertinent rule instructs:

(a)    Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:

2

(1) defer considering the motion;

(2) deny the motion; or

(3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a).

The trial judge's "suggestion for remand" pursuant to subsection (3) is called, by custom and practice, an "indicative ruling." *Id.*, Advisory Committee Notes (2009 Adoption).

If the trial judge is "inclined to grant the request for an indicative ruling," the next step "is to tell the parties and the Circuit Court of [this] intent." *Defenders of Wildlife*, 776 F. Supp. 2d at 1182.   It is then "up to the Circuit Court to decide whether it will send the case back to the District Court and empower the lower court to rule." *Id.*   If a limited remand is granted, the Ninth Circuit "retains jurisdiction unless it expressly dismisses the appeal." Fed. R. App. P. 12.1(b).

To be clear, an indicative ruling "does not tie" this Court "to a particular ruling" on a motion for preliminary approval of the settlement. *In re DirecTV Early Cancellation Fee Mktg. & Sales Practices Litig.*, 810 F. Supp. 2d 1060, 1066 (C.D. Cal. 2011) (asking Ninth Circuit to grant limited remand in light of intervening appellate precedent), rev'd, in part, on other grounds sub nom, *Lombardi v. DirecTV, Inc.*, 546 F. App'x 715 (9th Cir. 2013).   Rather, an indicative ruling simply conveys the Court's willingness to address the motion on the merits should the Ninth Circuit temporarily restore jurisdiction via limited remand.  *Id.*

If the Court issues an indicating ruling, the Parties will "promptly notify" the Ninth Circuit clerk. Fed. R. Civ. P. 62.1(b).   Concurrent with that notification, the Parties will ask the Ninth Circuit to order a limited remand.  Fed. R. App. P. 12.1(b).

3

**B.    The Court should indicate its willingness to consider a motion for settlement approval.**

The Parties submit that this Court should issue an order indicating its willingness to consider the Parties' motions for approval of the class action settlement reached in this action.   It is beyond dispute that there is an "'overriding public interest'" in the settlement of disputes:

> The Ninth Circuit is firmly committed to the rule that the law favors and encourages compromise settlements. There is an overriding public interest in settling and quieting litigation. It is well recognized that settlement agreements are judicially favored as a matter of sound public policy. Settlement agreements conserve judicial time and limit expensive litigation.
>
> *Camacho v. City of San Luis*, 359 F. App'x 794, 796 (9th Cir. 2009) (quoting *Ahern v. Cent. Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988)).

Indeed, this is particularly true where, like here, "complex class action litigation is concerned."  *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).  While the settlement of most private-party disputes does not require judicial approval, and can potentially be effectuated notwithstanding an underlying judgment or dismissal, class action settlements such as this one require judicial approval pursuant to Federal Rule of Civil Procedure 23.  *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 623 (9th Cir. 1982).  The approval consideration process cannot occur without the remand of this action from the Ninth Circuit, which requires an order from this Court indicating its willingness to consider the proposed settlement.   *See Maine v. Taylor*, 477 U.S. 131, 144-45 (1986) ("[F]actfinding, '"is the basic responsibility of district courts, rather than appellate courts."'").

The Parties are not yet asking the Court to approve the proposed settlement—only to indicate that the proposed Settlement Agreement at the very least raises substantial

issues to be adjudicated.  That said, there is no reason to believe that the proposed settlement suffers from any deficiencies that would warrant denial of preliminary approval.

As set forth in more detail in the Settlement Agreement, the proposed settlement calls for a $3 million cash payment by United to the Class.  The settlement amount is *greater* than the Court awarded to the Class on summary judgment, and, more specifically, pays class members *significantly more* pre-judgment interest than was awarded by the Court. After the appeal and cross-appeal were fully briefed, Defendant discovered a clerical error in its calculation of the stipulation that formed the basis of the Judgment.  Thereafter, the Parties consulted and agreed that, based on this error (affecting only one of the policies in the class),  the Court should have entered judgment against Defendant in the amount of $2,427,127.79 ("Corrected Judgment").  Taking this clerical mistake into account, the Settlement Agreement provides $572,872.21 more into the common fund for the Class (before attorneys' fees, costs and incentive award offsets) than would have been available if the Corrected Judgment had been affirmed on appeal.

The Settlement Agreement was reached through arm's-length negotiations over a period of several weeks with the assistance of a highly qualified Ninth Circuit appointed mediator.  Moreover, the investigation and procedural posture of the action were such that counsel was fully informed of the strengths and weaknesses of the litigation.  Under such circumstances, the Settlement Agreement is entitled to a "presumption of fairness," and there is no reason to doubt that the agreement should be considered by the Court and the class.  *Arnold v. Ariz. Dep't of Pub. Safety,* No. CV-01-1463-PHX-LOA, 2006 U.S. Dist. LEXIS 53315, at *32-*33 (D. Ariz. July 31, 2006).

## III.  CONCLUSION

For all these reasons, the Parties respectfully request that the Court issue an order indicating that the Parties have raised a substantial issue warranting limited remand from

1  the Ninth Circuit in order to consider the Parties' proposed Settlement Agreement and

2  related requests, including Class Counsel's petition for fees and costs.

3

4                                   By: /s/ Joseph M. Vanek

5                                   Joseph M. Vanek
                                    jvanek@sperling-law.com
6                                   Mitchell H. Macknin
7                                   mhmacknin@sperling-law.com
                                    John P. Bjork
8                                   jbjork@sperling-law.com
9                                   55 W. Monroe Street, Suite 3200
                                    Chicago, IL 60603
10                                  Telephone: 312-641-3200

11

12                                  Jason A. Zweig
                                    jaz@kellerlenkner.com
13                                  KELLER LENKNER LLC

14                                  150 N. Riverside Plaza
                                    Suite 4270
15                                  Chicago, IL 60606

16                                  (312) 216-8667

17
                                    Christopher Pitoun (SBN 290235)
18                                  christopherp@hbsslaw.com

19                                  HAGENS BERMAN SOBOL SHAPIRO

20                                  301 North Lake Avenue, Suite 920
                                    Pasadena, CA 91101
21                                  Telephone: (213) 330-7150

22
                                    David S. Klevatt
23                                  david@insurancelawyer.com

24                                  KLEVATT & ASSOCIATES, LLC
                                    77 W Wacker, Suite 4500
25                                  Chicago, Illinois 60601-1604

26                                  Telephone: (312) 782-9090

27                                  Attorneys for Plaintiff-Appellee/Cross-Appellant and the

28                                  Class

                                          6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By: */s/ Vivian I. Orlando*
Vivian I. Orlando
vorlando@hinshawlaw.com
HINSHAW & CULBERTSON LLP
350 South Grand Avenue
Suite 3600
Los Angeles, CA 90071
Telephone: 213-614-7358

*Attorney for Defendant-Appellant and Cross-Appellee*
*United of Omaha Life Insurance Company.*

**EXHIBIT B**

No. 20-55435, 20-55466

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| Jennifer Bentley,<br><br>    *Plaintiff-Appellee/Cross-appellant,*<br><br>v.<br><br>United of Omaha Life Insurance,<br><br>    *Defendant-Appellant/Cross-appellee.* | Appeal from the United States District Court for the Central District of California<br><br>No.: 2:15-cv-07870-DMG-AJW<br><br>The Honorable Dolly M. Gee, Judge Presiding |

## JOINT MOTION FOR LIMITED REMAND TO DISTRICT COURT TO REVIEW CLASS ACTION SETTLEMENT UNDER FED. R. CIV. P. 23

By this motion, Plaintiff-Appellee/Cross-Appellant, Jennifer Bentley ("Bentley") and Defendant-Appellant/Cross-Appellee, United of Omaha Life Insurance Company ("United"), jointly request a limited remand under Federal Rule of Appellate Procedure 12.1(b) to effectuate their joint request for preliminarily and final approval of a proposed settlement of this class action litigation.

## <u>INTRODUCTION</u>

On October 4, 2021, the pending appeal and cross-appeal in this class action were stayed, and Parties were referred to the Ninth Circuit's mediation program. [Dkt. No. 71].  As part of the mediation process, the Parties have agreed to a class-wide settlement ("Proposed Settlement").    The District Court has issued an indicative ruling conveying its willingness to conduct class action settlement proceedings under Federal Rule of Civil Procedure 23.  [2:15-cv-07870 ("DC Docket") at ECF No. _____].[1]  As discussed below, the Parties submit that a limited remand is warranted to vest the District Court with jurisdiction to consider the Proposed Settlement that—if approved and becomes final—will fully resolve the pending appeal and cross-appeal as well as related requests, including, without limitation, a petition by class counsel for reasonable fees and expenses from the common fund.

---

[1] The District Court's Indicative Ruling is attached hereto as **Exhibit 1**.

## BACKGROUND

This class action lawsuit generally concerns whether United breached its life insurance policies by failing to send certain notices pursuant to Cal. Ins. Code §§ 10113.71, 10113.72 (collectively, Statutes) prior to terminating the policies for non-payment of premium. On May 1, 2018, the District Court certified a class made up of various beneficiaries of life insurance policies issued by United and appointed Ms. Bentley to be the Class representative. [DC Docket at ECF No. 132] On February 22, 2019, the Court granted Plaintiff's motion for summary judgment on behalf of the Class against United. [DC Docket at ECF No. 174] After summary judgment, the Parties negotiated a stipulated final judgment, and on March 31, 2020, the Court entered final judgment for the Class in the amount of $2,943,457.6. [DC Docket at ECF No. 200]

On April 23, 2020, United timely filed a notice of appeal. [DC Docket at ECF No. 203] On April 27,2020, Plaintiff timely filed a notice of cross-appeal [DC Docket at ECF No. 204] The Parties thereafter fully briefed the appeal and cross-appeal from September 2020 through February 2021. Prior to oral argument or ruling on the

appeals, the Parties agreed to participate in and were referred to the Ninth Circuit Mediation Program. [Dkt. No. 71].  As part of the mediation process, the Parties have agreed to the terms of the Proposed Settlement, which would fully resolve the litigation and pending appeals, if approved by the District Court.

After finalizing the Proposed Settlement, the Parties moved for an indicative ruling from the District Court. [DC Docket at ECF No. ____] On _____, the District Court issued an indicative ruling. [Ex. 1]. The Parties promptly notified the clerk of this development. [Dkt. No. ____]. The Parties now jointly request a limited remand so that the District Court can evaluate their Proposed Settlement by, among other things, conducting a fairness hearing.

## ARGUMENT

In most cases, as here, a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal."[2] Although private party settlements generally do not require judicial approval, a district court must approve any class action

---

[2] *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).

settlement[3]  Because of this prerequisite, the Parties invoke the limited remand procedure to restore District Court jurisdiction to review their Proposed Settlement.[4]

As the Federal Rules of Civil Procedure instruct:

(a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:

(1) defer considering the motion;

(2) deny the motion; or

(3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue[5]

The trial judge's "suggestion for remand" pursuant to subsection (3) is called, by custom and practice, an "indicative ruling."[6]

In the present case, the District Court has issued an indicative ruling. [Ex. 1] Accordingly, the Parties submit that this Court should grant a limited remand to facilitate the resolution.[7] Retaining

---

[3] Fed. R. Civ. P. 23.

[4] *See* Fed. R. Civ. P. 62.1; *also* Fed. R. App. P.12.1.

[5] *See* Fed. R. Civ. P. 62.1.

[6] *Id.*, Advisory Committee Notes (2009 Adoption).

[7] Fed. R. App. P. 12.1(b) ("If the district court states that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for

jurisdiction is appropriate in the unlikely event the Proposed Settlement is not approved and the appeal or cross-appeal need to decided by this Court. [8]

If the District Court approves the Proposed Settlement and it becomes final, the Parties would thereafter file a motion or stipulation with the Ninth Circuit to dismiss the pending appeal and cross-appeals as moot.[9]

## RELIEF SOUGHT

The Ninth Circuit has articulated its commitment to encourage compromise settlements, noting that '"[t]here is an overriding public interest in settling and quieting litigation."'[10] This policy is directly implicated here. A limited remand will facilitate the Parties' settlement and conserve this Court's resources. For these reasons, Ms. Bentley and the Class and United jointly ask the Court to grant a

---

further proceedings but retains jurisdiction unless it expressly this Court should grant a limited remand to facilitate the resolution dismisses the appeal.").

[8] *See Local 617 Teamsters Pension &Welfare Funds v. Apollo Grp., Inc.*, No. 12-16000 (9th Cir. Feb. 9, 2015), ECF No. 63 (granting limited remand "for the limited purpose of" the district court "reviewing the class action settlement").

[9] Fed. R. App. P. 42(b).

[10] *Camacho v. City of San Luis*, 359 F. App'x 794, 796 (9th Cir. 2009) (quoting *Ahern v. Cent. Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988)).

limited remand under Federal Rule of Appellate Procedure 12.1(a) for the purposes of allowing the District Court to consider the Proposed Settlement and any related requests such as, without limitation, a fee and cost petition by Class counsel   The Parties will promptly notify this Court after the District Court has ruled on preliminary and final approval of the proposed class action settlement.[11]

**ADD DATE AND UNITED SIGNATURE BLOCK**

By: */s/ Joseph M. Vanek*
Joseph M. Vanek
jvanek@sperling-law.com
Mitchell H. Macknin
mhmacknin@sperling-law.com
John P. Bjork
jbjork@sperling-law.com
55 W. Monroe Street, Suite 3200
Chicago, IL 60603
Telephone: 312-641-3200

Jason A. Zweig
jaz@kellerlenkner.com
KELLER LENKNER LLC
150 N. Riverside Plaza
Suite 4270
Chicago, IL 60606
(312) 216-8667

Christopher Pitoun (SBN 290235)
christopherp@hbsslaw.com

---

[11] Fed. R. App. P. 12.1(b).

HAGENS BERMAN SOBOL SHAPIRO
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7150

David S. Klevatt
david@insurancelawyer.com
KLEVATT & ASSOCIATES, LLC
77 W Wacker, Suite 4500
Chicago, Illinois 60601-1604
Telephone: (312) 782-9090

*Attorneys for Plaintiff-Appellee/Cross-Appellant and the Class*

By: */s/ Joshua G. Vincent*
Joshua G. Vincent
jvincent@hinshawlaw.com
HINSHAW & CULBERTSON LLP
155 North Franklin Street
Suite 2500
Chicago, IL 60606
Telephone: 312-704-3463

*Attorney for Defendant-Appellant and Cross-Appellee United of Omaha Life Insurance Company.*

**EXHIBIT C**

# Exhibit

# 2

| Policy Number | Net Death Benefit | Death Date | Judgment Date | TERM (Days) | Interest Rate | Interest Earned | Net Death Benefit + Interest |
|---|---|---|---|---|---|---|---|
| 8448979 | $1,460.74 | 9/28/2013 | 3/31/2020 | 2376 | 10% | $950.88 | $2,411.62 |
| 7997098 | $5,640.50 | 8/29/2015 | 3/31/2020 | 1676 | 10% | $2,589.99 | $8,230.49 |
| 5342817 | $23,979.75 | 7/9/2014 | 3/31/2020 | 2092 | 10% | $13,744.01 | $37,723.76 |
| 6422766 | $11,824.50 | 4/29/2015 | 3/31/2020 | 1798 | 10% | $5,824.78 | $17,649.28 |
| 7010893 | $11,937.50 | 9/19/2015 | 3/31/2020 | 1655 | 10% | $5,412.76 | $17,350.26 |
| 9149455 | $11,936.35 | 2/17/2016 | 3/31/2020 | 1504 | 10% | $4,918.43 | $16,854.78 |
| BU1105227 | $149,023.48 | 10/4/2013 | 3/31/2020 | 2370 | 10% | $96,763.19 | $245,786.67 |
| BU1133356 | $192,912.32 | 8/12/2015 | 3/31/2020 | 1693 | 10% | $89,479.60 | $282,391.92 |
| BU1101313 | $99,463.78 | 1/6/2014 | 3/31/2020 | 2276 | 10% | $62,021.80 | $161,485.58 |
| BU1083350 | $999,664.60 | 11/7/2014 | 3/31/2020 | 1971 | 10% | $539,818.88 | $1,539,483.48 |
| UR2627721 | $148.50 | 6/23/2013 | 3/31/2020 | 2473 | 10% | $100.61 | $249.11 |
| BU1152776 | $87,903.01 | 4/2/2017 | 3/31/2020 | 1094 | 10% | $26,346.82 | $114,249.83 |
| BU1067439 | $130,069.10 | 7/4/2017 | 3/31/2020 | 1001 | 10% | $35,671.01 | $165,740.11 |
| UR2674494 | $184.80 | 1/31/2014 | 3/31/2020 | 2251 | 10% | $113.97 | $298.77 |
| UR2671752 | $56.76 | 2/11/2014 | 3/31/2020 | 2240 | 10% | $34.83 | $91.59 |
| UR2493480 | $808.50 | 2/28/2014 | 3/31/2020 | 2223 | 10% | $492.41 | $1,300.91 |
| UR2577555 | $9,862.00 | 6/27/2014 | 3/31/2020 | 2104 | 10% | $5,684.84 | $15,546.84 |
| UR2584816 | $9,480.00 | 8/2/2014 | 3/31/2020 | 2068 | 10% | $5,371.13 | $14,851.13 |
| UR2681720 | $9,745.00 | 1/14/2015 | 3/31/2020 | 1903 | 10% | $5,080.75 | $14,825.75 |
| UR2447251 | $13,697.16 | 8/10/2014 | 3/31/2020 | 2060 | 10% | $7,730.45 | $21,427.61 |
| UR2654966 | $18,365.11 | 12/23/2014 | 3/31/2020 | 1925 | 10% | $9,685.71 | $28,050.82 |
| UR2647072 | $19,336.26 | 1/10/2015 | 3/31/2020 | 1907 | 10% | $10,102.53 | $29,438.79 |
| BU1289270 | $54,623.68 | 12/10/2015 | 3/31/2020 | 1573 | 10% | $23,540.56 | $78,164.24 |
| BU1395175 | $173,157.72 | 12/30/2015 | 3/31/2020 | 1553 | 10% | $73,675.05 | $246,832.77 |
| BU1399164 | $58,819.52 | 10/31/2015 | 3/31/2020 | 1613 | 10% | $25,993.39 | $84,812.91 |
| UR1652898 | $49,936.05 | 6/3/2016 | 3/31/2020 | 1397 | 10% | $19,112.51 | $69,048.56 |
| **Total Net Death Benefit** | | | | | | **Aggregate (Int. + Net Death Benefit)** | |
| | $2,144,036.69 | | | | | | $3,214,297.60 |

# Exhibit

# 3

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Jennifer Bentley, as the trustee of the 2001 Bentley Family Trust, | |
| v. | Case No.  15-cv-07870-DMG |
| United of Omaha Life Insurance Company, | |

## NOTICE OF CLASS-ACTION SETTLEMENT

**PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED BY A CLASS-ACTION SETTLEMENT PENDING IN THIS COURT AND YOU MAY BE ELIGIBLE TO CLAIM PART OF THE SETTLEMENT**

You are receiving this Notice because your rights as a beneficiary to a life insurance policy renewed, issued or delivered in California by defendant United of Omaha Life Insurance Company ("United") may be affected by a class-action settlement (the "Settlement").  The Settlement is pending before the Honorable Judge Dolly M. Gee in federal court in Los Angeles, California ("Court"). The purpose of this Court-ordered Notice is to inform you how the Settlement may affect your rights and what steps you may take. This Settlement is not an expression by the Court of any opinion as to the merits of any of the claims or defenses asserted by either side in this lawsuit.

Additional copies of this Notice may be found at the following website www.omahalifeinsuranceclassaction.com.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| YOUR OPTIONS: | | DUE DATE: |
|---|---|---|
| **CLAIM A SETTLEMENT PAYMENT** | This is the only way to get any payment or benefits from the Settlement. If you wish to participate in the Settlement, all you need to do is to complete and submit a Settlement Claim Form, which will be sent by Class Counsel within 45 days following Final Approval of the Settlement. The hearing on final approval is scheduled for ____, 2022.<br><br>You can submit a Settlement Claim Form even if you file an objection to the Settlement. | Once you receive your Settlement Claim Form following Final Approval, you will have 30 days to complete and return it to Class Counsel. |
| **OBJECT** | Write to the Court about why you don't like the Settlement. Instructions for objecting appear at question 16 below. | Objections must be postmarked by ____, 2022 |

1

| YOUR OPTIONS: | | DUE DATE: |
|---|---|---|
| **GO TO A HEARING** | Ask to speak to the Court about the fairness of the Settlement. | Requests to speak at the hearing to determine the fairness of the Settlement must be postmarked by ▭, 2022 |

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.
- Your legal rights are affected whether you act or don't act.  Read this Notice carefully.
- The dates in this Notice are subject to change.  Notice of any changes will be posted at www.omahalifeinsuranceclassaction.com.
- **Questions? Read on and visit** www.omahalifeinsuranceclassaction.com to review copies of the complaint, certain of the Court's Orders, and the Settlement.

## 1.      Why did I receive this Notice and why should I read this Notice?

There has been a $3 million class-action settlement in this case. The Settlement Class is defined as "all beneficiaries who made a claim, or would have been eligible to make a claim, for the payment of benefits on life insurance policies renewed, issued or delivered by United of Omaha Life Insurance Company ("United") in the State of California that lapsed or were terminated by United for the non-payment of premium after January 1, 2013 (and which were not affirmatively cancelled by the policyholder), and as to which policies the policyholder(s) did not receive one or more of the notices of the right to designate under Section 10113.72 of the California Insurance Code." The Court previously found that the class consisted of the following 26 policies (identified by policy number), which collectively had 33 beneficiaries: 8448979, 7997098, 5342817, 6422766, 7010893, 9149455, BU1105227, BU1133356, BU1101313, BU1083350, UR2627721, UR2674494, UR2671752, UR2493480, UR2577555, UR2584816, UR2681720, UR2447251, UR2654966, UR2647072, BU1289270, BU1395175, BU1399164, BU1152776, BU1067439, UR1652898 (collectively the *Class Policies*). You are receiving this notice because you have been identified as a beneficiary of one of the Class Policies, and therefore, you are a class member.

In May 2018, when the Court certified the class identified above, you were sent notice of the class certification, and were given an opportunity to exclude yourself from the class. You chose not to exclude yourself from the class.

As explained below, if you want to participate in the Settlement, you must file a Settlement Claim Form, which will be sent to you within 45 days after the court issues final approval of the Settlement.

## 2.      What is this lawsuit about?

California Insurance Code sections 10113.71 and 10113.72 went into effect on January 1, 2013.

California Insurance Code section 10113.72 provides that life insurance companies are to give their policyholders an opportunity to designate at least one person to receive notice of lapse or termination of a policy for non-payment of a premium ("Offer to Designate Notice").

In this case, plaintiff claims United failed to comply with the Offer to Designate Notice for life insurance policies that were issued or delivered prior to January 1, 2013.  Because of these alleged violations, the lawsuit claims that United breached its contract under life insurance policies issued or delivered prior to January 1, 2013 without giving proper notice to policyholders and that those policies did not terminate. The lawsuit also claims that United's breach of contract resulted in a denial of payment of benefits to beneficiaries who would have had claims for benefits under such life insurance policies.

As damages for United's alleged violation of California law, plaintiff seeks payment of policy benefits due, and pre-judgment interest.

In February 2019, the Court granted summary judgment to the class plaintiffs. The Court ultimately found that there were 26 Class Policies consisting of 33 class member beneficiaries, and on March 31, 2020, the Court entered a total judgment for plaintiffs in the amount of $2,943,457.67. This amount represented the total net death benefits due on the 26 Class Policies, plus a small amount of prejudgment interest.

Following the Court's entry of judgment, both plaintiff and defendant appealed to the United States Court of Appeals for the Ninth Circuit. While on appeal, the parties discovered that due to a clerical error that United made in connection with the Court's entry of judgment in connection with one of the 26 class policies (Policy # BU1289270), the judgment amount was incorrect. Specifically, with regard to the one policy, the judgment amount was based on that policy having a face value amount of $550,000, when, in fact, the policy had a face value of only $55,000. Thus, the correct judgment amount should have been $2,427,791.22 and not $2,943,457.67. United made a motion in the appeals court seeking permission to move for a corrected judgment in the district court.

While the parties were on appeal in the Ninth Circuit, they entered into a settlement to settle all claims in this litigation.

**3.      What is a class action?**

In a class action, one or more individuals or entities called Class Representatives (in this case, Jennifer Bentley, as the trustee of the 2001 Bentley Family Trust) sue on behalf of others who have similar claims.  All of the other individuals or entities who have similar claims are a "class" or "class members." One court will resolve the issues for all class members.

**4.      Who is the defendant?**

The defendant is United of Omaha Life Insurance Company.

**5.      Why is there a Settlement?**

The Court has already certified this action as a class action and has found that United is liable to plaintiff and those who are members of the Class. However, both the plaintiff and defendant appealed the court's ruling which held United liable to plaintiff and the class. Instead of litigating further, the parties have agreed to the Settlement. That way, the plaintiff and defendant avoid the cost and risk of further proceedings, and further delay in payment to the plaintiff and the class.

The plaintiff and Class Counsel believe that the Settlement is best for all class members under the circumstances.

## WHO IS AFFECTED BY THE SETTLEMENT?

**To Determine if you are affected by the Settlement, you first have to determine if you are a class member.**

**6.      Who is a class member?**

By Orders dated May 1, May 22 and August 3, 2018, the Court certified the following class: "all beneficiaries who  made a claim, or would have been eligible to make a claim, for the payment of benefits on life insurance policies renewed, issued or delivered by United of Omaha Life Insurance Company ("Omaha") in the State of California that lapsed or were terminated by Omaha for the non-payment of premium after January 1, 2013 (and which were not affirmatively cancelled by the policyholder), and as to which policies the policyholder(s) did not receive one or more of the notices of the right to designate under Section 10113.72 of the California Insurance Code.  Excluded from the class are: a) United; b) any entity in which United has a controlling interest; c) United's officers directors, and employees; d) United's legal representatives, successors, and assigns; e) governmental entities; and (f) this Court.

You have been identified from United's records as a class member. You have previously been given notice of the Court's 2018 class certification ruling, and an opportunity to opt out of the class. You chose not to opt out.

**7.      I'm still not sure if I am included.**

If you are still not sure whether you are a class member, you can ask for free help. See Question 13 below.

**8.      What does the Settlement provide?**

The Settlement provides that defendant United will pay $3 million to the Plaintiff and the class. This amount represents the full net death benefits due under each Class Policy. The net death benefit is the policy benefit due on each Class Policy minus any premiums, loan payments or interest owed. In addition to the net benefit, the Settlement amount also includes prejudgment interest as further described below in paragraph 9.

Further details about the Settlement are set forth in the settlement agreement, which has been filed with the Court and which can be found on www.omahalifeinsuranceclassaction.com.

**9.      Will I receive a Settlement payment, and how will my payment be calculated?**

As a class member, you are eligible to receive a payment from the Settlement if the Court approves the Settlement. The amount of your Settlement payment will be determined by the Plan of Distribution discussed below, which has been preliminarily approved by the Court.

In order to actually receive payment, you will need to complete a Settlement Claim Form, which will be mailed to you within 45 days after Final Approval (should the Court grant Final Approval of the Settlement). You must keep any records associated with your claim, so that you can complete your claim, and in case the parties have questions concerning your claim.

**Plan of Distribution**

Each class member's share of the Settlement will be calculated by this Plan of Distribution.

The total Settlement amount being paid by United is $3 million (the "Gross Settlement Amount"). The Gross Settlement Amount will be reduced by the amount of attorneys' fees, litigation expenses, and any Named Plaintiff incentive award that the Court approves. The remaining Settlement amount shall be referred to as the "Net Settlement Amount."

To determine what share of the Net Settlement Amount each class member is entitled to receive, Class Counsel will first, for each Class Policy, add the net death benefit due on each policy to the prejudgment interest associated with that policy, which, for each Class Policy, will yield the "Individual Policy Benefit Amount." Each policy's prejudgment interest amount will be calculated with reference to the time period between when the insured died and the date of the final judgment (March 2020).

Then, for each of the 26 Class Policies, each Individual Policy Benefit Amount will be added together to form the "Total Class Policy Benefit Amount." With respect to each Class Policy, the Individual Policy Benefit Amount will then be divided by the Total Class Policy Benefit Amount, which will yield the "Individual Benefit Percentage" for each Class Policy. The Individual Benefit Percentage will then be multiplied against the Net Settlement Amount to arrive at the share each class member will receive of the Net Settlement Amount (the "Individual Net Settlement Amount").

Class Counsel will send prepopulated claim forms to each class member within 45 days following Final Approval of the Settlement. The prepopulated claim form will include, among other things, each class member's share of the Net Settlement Amount. For those class members who are beneficiaries to the same life insurance policy, the Individual Net Settlement Amount will be divided equally among the number of beneficiaries associated with a policy and separate claim forms will be issued to each of those beneficiaries.

For any Individual Net Settlement Amount which is unclaimed by a class member, such unclaimed amounts will be escheated to the State of California in the name of the class member who has not submitted a claim to their share of the settlement.

**10.     What am I giving up to get a Settlement payment?**

All class members are bound by all the terms and provisions of the Settlement and Judgment, including, but not limited to, the releases, waivers, and covenants described in the Settlement. Any class member's claims against United with respect to the claims in this lawsuit, shall be forever released and dismissed, whether or not such person objected to the Settlement, or submits a Claim Form.

5

That means you cannot sue, continue to sue, or be part of any other lawsuit against the defendant about the legal issues in this case. It also means all of the Court's orders apply to you and legally bind you.

The full text of the release for the Settlement can be found in the Settlement agreement which is posted on www.omahalifeinsuranceclassaction.com. You should carefully read the release. It describes the exact claims that you give up as a result of this Settlement.

**11.    Can I sue the defendant later if I do not ask for a Settlement payment?**

No. If the Court approves the Settlement, every class member's claims will be released even if a class member did not ask for a Settlement payment or filed an objection. That means you cannot sue, continue to sue, or be part of any other lawsuit against the defendant about the legal issues in this case. It also means that all of the Court's orders apply to you and legally bind you.

The full text of the release for the Settlement can be found in the settlement agreement which is posted on www.omahalifeinsuranceclassaction.com. You should carefully read the release. It describes the exact claims that you give as a result of this Settlement.

**12.    Can I sue the defendant if I settle now?**

No. The Settlement agreement provides that all class members release United from the claims asserted in this lawsuit.

**13.    Do I have a lawyer in this case?**

The Court appointed two lawyers to represent you and all class members. Together, those lawyers are called "Class Counsel." They are experienced in handling similar cases. More information about these law firms, their practices, and their experience is available at www.kellerlenkner.com and www.sperling-law.com.  The contact information for the lawyers is below:

Joseph M. Vanek                     Jason A. Zweig
Sperling & Slater, P.C.             Keller Lenkner LLC
55 W. Monroe Street                 150 N. Riverside Plaza
Suite 3200                          Suite 4100
Chicago, IL 60603                   Chicago, IL 60606
jvanek@sperling-law.com             jaz@kellerlenkner.com
(312) 641-3200                      (312) 741-5220

**14.    How will the lawyers be paid?**

Any fees and expenses approved by the Court will be paid out of the Settlement. Class Counsel, and the lawyers assisting Class Counsel, have agreed to pursue this lawsuit on a contingent fee basis, and to date, have not been paid anything in this case. Class members will not have to separately pay lawyers any additional amounts. Previously, in connection with the Court's March

2020 final judgment, the Court awarded Class Counsel a fee of 33.3% of the final judgment entered in March 2020. But, since the final judgment was appealed, Class Counsel were not paid any of the final judgment. Since March 2020, Class Counsel have also incurred substantial additional fees. Class Counsel intend to ask the Court to once again award Class Counsel 33.3% of the Settlement as fees.

In addition, in connection with the March 2020 final judgment, the Court awarded Class Counsel reimbursement of their then-existing litigation expenses in the amount of $32,896.86. But, since the final judgment was appealed, Class Counsel were not reimbursed any of these expenses. Since March 2020, Class Counsel have incurred additional expenses. Class Counsel intend to ask the Court to award Class Counsel reimbursement of their litigation expenses in an amount not to exceed $45,000.

Class Counsel will also seek a Named Plaintiff service award in the amount of $10,000 for the Named Plaintiff's efforts in service to the class.

Class Counsel's request for attorneys' fees, reimbursement of litigation expenses, and Named Plaintiff service award, must be approved by the Court overseeing this action. Class Counsel's fee and expense request and request for service awards will be filed with the Court on or before _____, 2022. They will also be posted on www.omahalifeinsuranceclassaction.com. You may object to these requests if you wish.

## 15.    Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel are working on your behalf. Again, you will not be charged for these lawyers; they will be paid out of the Settlement if the Court approves paying them fees and expenses. If you want your own lawyer, you may hire one at your own expense.  If you do hire your own lawyer, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

## 16.    How do I tell the Court I don't like the Settlement or request for attorneys' fees, reimbursement of litigation expenses, or Named Plaintiff service award?

If you are a class member, you can object to the Settlement, or the request for attorneys' fees, reimbursement of costs and expenses, or the Named plaintiff service award, if you don't like any part of them. You can give reasons why you think the Court should not approve one or all of them. The Court will consider your views. To object, you must send a letter that includes the following:

- A statement indicating that you object to the Settlement in the case of *Bentley v. United of Omaha Life Insurance Co.*, Case No. 15-cv-07870-DMG (C.D. Cal.).

- Your full name, address, telephone number, email address, and signature, or the full name, address, telephone number, email address, and signature of your lawyer, if you have one.

- The reasons why you object to the Settlement including any factual or legal support, and whether your objection applies only to you, a subset of the class or the entire class.

- The name of your counsel, if you are represented by counsel, and the name of any counsel who may receive compensation in connection with your objection.

- If you have objected before, the case name and civil action number of any case you have objected in the last four years.

- Whether you or your counsel intend to appear at the Final Approval Hearing.

- If you wish to object to the request for attorneys' fees, reimbursement of litigation costs and expenses, or Named Plaintiff incentive award, you must state the reasons for your objections.

- Proof of your membership in the class which includes a copy of your drivers' license, proof of your address, such as a utility bill, or tax bill.

You must file your objection with the Court at the following address, postmarked by _____, 2022:

Clerk of Court
United States Courthouse
350 West 1st Street
Los Angeles, CA 90012

You must also mail copies of the objection to Class Counsel, postmarked by \_\_\_\_, 2022, who contact information is listed above in paragraph 13.

## 17.     What is the role of the Court with respect to the Settlement?

Because this is a class action, the Court must review the Settlement, and any objections, and decide whether the Settlement is fair, reasonable, and adequate. The Court may approve the Settlement as is, propose changes as a condition for approval, or refuse to approve the Settlement. The Court may also decide to allow a new period for "opt outs." If the Court permits such opt outs, the Class and Class Counsel may seek to recover fees, costs, and expenses from the opt outs based on the benefits they have received as a result of being part of the class to date.

## 18.     When and where will the Court decide whether to grant final approval of the Settlement?

The Court will hold a final approval hearing on \_\_\_\_, 2022 at 9:30 a.m. (pacific) at the United States Courthouse, 350 West 1st Street, Los Angeles, CA 90012, Courtroom 8C. The hearing is sometimes referred to as a "Fairness Hearing" or a "Rule 23 Final Approval Hearing." At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. The Court will also determine whether final judgment should be entered dismissing the claims of the class members against the defendant with prejudice, as required by the Settlement. You may attend the Fairness Hearing and you may ask to speak, but you don't have to do either.

If there are objections to the Settlement, the Court will consider them at the Fairness Hearing. After the hearing, the Court will decide whether to grant final approval of the Settlement.

The Court may change the date and time of the Fairness Hearing, or, may hold the hearing telephonically or hold a virtual hearing. Notice of any change will be posted at the courthouse, on the Court's website, or on the case website at www.omahalifeinsuranceclassaction.com.

### 19.    Do I have to come to the Fairness Hearing?

No. Class Counsel will answer any questions that the Court has. But, you are welcome to attend the hearing at your own expense. If you send an objection to the Settlement, you are not required to come to the hearing to talk about your objection. As long as you mailed in your written objection on time, the Court will consider it. You may also direct your own lawyer to attend, but its not necessary for you to do so.

### 20.    May I speak at the Fairness Hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter stating the following:

- Notice of Intention to appear in *Bentley v. United of Omaha Life Insurance Co.*, Case No. 15-cv-07870-DMG (C.D. Cal.).

- The position you will take on the Settlement, the request for attorneys' fees, reimbursement of litigation costs and expenses, or Named Plaintiff incentive award, and your reasons and any documents in support of the positions.

- Your name, address, telephone number, email address and signature, or the full name, address, telephone number, email address, and signature of your lawyer if you have one.

- Proof of your membership in the class which includes a copy of your drivers' license, proof of your address, such as a utility bill, or tax bill.

Your Notice of Intention to Appear must be filed with the Court at the following address, postmarked by _____, 2022:

Clerk of Court
United States Courthouse
350 West 1st Street
Los Angeles, CA 90012

You must also mail copies of the Notice of Intention to Appear to the attorneys listed in response to question 13, postmarked no later than ___, 2022.

**21.    What happens if I do nothing at all?**

You are not required to do anything at this time, except if you intend to ask for a Settlement payment, in which case you must properly and timely complete a Settlement Claim Form and provide the required documentation once you receive the Settlement Claim Form after Final Approval.

**22.    How can I get more information?**

This Notice does not fully describe all of the claims and contentions of the parties. The pleadings and other papers filed in this lawsuit are available for inspection, during business hours, at the United States District Court, 350 W 1st Street, Suite 4311, Los Angeles, California, 90012. The pleadings and other papers are also available through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cacd.uscourts.gov/cgi-bin/ShowIndex.pl.

Further information, including the operative complaint and court documents related to the certification of the class, is available at omahalifeinsuranceclassaction.com.  You may also contact Class Counsel at the contact information above in Paragraph 13.

Please do not contact the Court for information about this lawsuit.

Dated: _____, 2022            BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
                                        CENTRAL DISTRICT OF CALIFORNIA