# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER BENTLEY,<br><br>              Plaintiff,<br><br>    v.<br><br>UNITED OF OMAHA LIFE INSURANCE COMPANY;<br><br>              Defendants. | No. 15-cv-07870-DMG (AJWx)<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS-ACTION SETTLEMENT** |

WHEREAS, plaintiff Jennifer Bentley, trustee of the 2001 Bentley Family Trust, and defendant United of Omaha Life Insurance Company entered into a Settlement Agreement dated December 23, 2021, which sets forth the terms and conditions for a proposed settlement of this action (*Action*) and for its dismissal with prejudice upon the terms and conditions set forth therein;

WHEREAS, plaintiff has moved the Court for an order: (i) preliminarily approving the Settlement under Federal Rule of Civil Procedure 23(e); and (ii) directing notice as set forth herein;

WHEREAS, the Settlement appears to be the product of informed, arms'-length settlement negotiations among experienced Class Counsel and counsel for defendant, which negotiations were conducted over a period of months and mediation sessions including before the Ninth Circuit mediator Ms. Sasha M. Cummings, Esq.; and

WHEREAS, the Court is familiar with and has reviewed the record, the Settlement Agreement, Plaintiff's Notice of Motion for Preliminary Approval of Class-Action Settlement, the Memorandum of Points and Authorities in Support Thereof, and the supporting Declaration and has found good cause for entering this Order;

NOW THEREFORE, it is hereby ORDERED and ADJUDGED as follows:

### Class Certification

This Order incorporates by reference the definitions in the Settlement Agreement dated December 23, 2021 (the *Settlement*), and, unless otherwise defined herein, all defined terms used herein have the same meanings ascribed to them in the Settlement.

In orders dated May 1, 2018 [ECF No. 132], May 22, 2018 [ECF No. 141], and August 3, 2018 [ECF No. 158], the Court previously certified the following class pursuant to Federal Rule of Civil Procedure 23:

All beneficiaries who made a claim, or would have been eligible to make a claim, for the payment of benefits on life insurance policies renewed, issued or delivered by

United of Omaha Life Insurance Company ("Omaha") in the State of California that lapsed or were terminated by Omaha for the non-payment of premium after January 1, 2013 (and which were not affirmatively cancelled by the policyholder), and as to which policies the policyholder(s) did not receive one or more of the notices of the right to designate under Section 10113.72 of the California Insurance Code.[1]

The Court previously found that this class comprised only 26 life insurance policies with 33 beneficiaries, which are as follows: 8448979, 7997098, 5342817, 6422766, 7010893, 9149455, BU1105227, BU1133356, BU1101313, BU1083350, UR2627721, UR2674494, UR2671752, UR2493480, UR2577555, UR2584816, UR2681720, UR2447251, UR2654966, UR2647072, BU1289270, BU1395175, BU1399164, BU1152776, BU1067439, UR1652898 (collectively the *Class Policies*). ECF No. 174. Thus, the class above is limited to and defined by these 26 policies and 33 beneficiaries.

### Preliminary Approval of the Settlement

The Settlement is the product of non-collusive, arm's-length negotiations between experienced class-action and defense attorneys who were well informed of the strengths and weaknesses of the Action, including through discovery and motion practice, and whose settlement negotiations were supervised by the Ninth Circuit mediator. The Settlement confers substantial benefits upon the Class and avoids the costs, uncertainty, delays, and other risks associated with continued litigation, trial and/or appeal concerning the claims at issue. The Settlement falls within the range of possible recovery, compares favorably with the potential recovery when balanced against the risks of continued prosecution of the claims in the Action, and does not grant preferential treatment to Plaintiff, her counsel, or any subgroup of the Class.

---

[1] The Court also previously appointed Joseph M. Vanek of Sperling & Slater, P.C. and Jason A. Zweig of Keller Lenkner LLC as Class Counsel, and plaintiff Jennifer Bentley as Class Representative. ECF No. 132.

1  The Court preliminarily approves the Settlement as fair, reasonable, and adequate and in the best interest of Plaintiff and the other Class members, subject to further consideration at the Final Approval Hearing to be conducted as described below.

The Settlement Amount shall be paid to and managed by Class Counsel as detailed in the Settlement Agreement. All funds held by Class Counsel shall be deemed and considered to be *in custodia legis* and shall remain subject to the jurisdiction of the Court, until such time as such funds are distributed pursuant to the Settlement Agreement.

### Manner and Form of Notice

The Court approves the Notice substantially in the form attached as Exhibit 3 to the Declaration of Jason A. Zweig in support of Plaintiff's Motion for Preliminary Approval of Settlement. The proposed notice plan, which provides for direct notice via first-class mail and via email (where emails are available), will provide the best notice practicable under the circumstances. This plan and the Notice are reasonably calculated, under the circumstances, to apprise Class members of the pendency of the Action, the effect of the proposed Settlement; the anticipated motion for attorneys' fees, reimbursement of litigation expenses, and incentive award; and their rights to participate in or object to any aspect of the proposed Settlement; constitute due, adequate and sufficient notice to Class members; and satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable laws and rules. The date and time of the Final Approval Hearing shall be included in the Notice before dissemination.

By March ___, 2022 [7 days after preliminary approval], Class Counsel shall cause the Notice to be mailed and emailed (where Class Counsel possesses a Class member's email address) to all members of the Class at the mailing address on file for such members of the Class (the *Notice Date*). Substantially contemporaneously with the

mailing of the Notice, Class Counsel shall cause a PDF version of the Notice to be posted on the website www.omahalifeinsuranceclassaction.com. Class Counsel shall also cause the Settlement Agreement, Motion for Preliminary Approval and supporting documents, as well as all other documents ultimately filed in support of Final Approval, including the forthcoming Motion for Attorneys' Fees and Costs and Motion for Final Approval, to be posted on the website of www.omahalifeinsuranceclassaction.com substantially contemporaneously with the filing of those documents with the Court.

The dates provided for herein may be extended by Order of the Court, for good cause shown, without further notice to the Class.

### The Final Approval Hearing

The Court will hold a Final Approval Hearing on _____[not earlier than 120 days from preliminary approval], 2022 at 9:30 a.m., at the United States District Court for the Central District of California, 350 West 1st Street, Los Angeles, CA, 90012, Courtroom 8C, 8th Floor, for the following purposes: (i) to determine whether the Settlement should be approved as fair, reasonable, and adequate and in the best interests of the Class; (ii) to consider Class Counsel's application for an award of attorneys' fees, reimbursement of litigation expenses, and named plaintiff incentive award; and (iii) to consider any other matters that may properly be brought before the Court in connection with the Settlement. The hearing may be continued by the Court, and, the hearing may be converted into a virtual or telephonic hearing. Class Counsel shall post any such changes in the date or medium of hearing on www.omahalifeinsuranceclassaction.com.

Class Counsel's motion for final approval of the Settlement and papers in support of Class Counsel's application for attorneys' fees, reimbursement of litigation expenses, and incentive award shall be filed by _____, 2022 [60 days after preliminary approval].

Class Counsel's reply papers shall be filed by _____, 2022 [110 days after preliminary approval].

### Objections and Appearances at the Final Approval Hearing

Any member of the Class may appear at the Final Approval Hearing and show cause why the proposed Settlement should or should not be approved as fair, reasonable, and adequate, or why judgment should or should not be entered, or to comment on or oppose Class Counsel's application for attorneys' fees, reimbursement of litigation expenses, and incentive award. No person shall be heard or entitled to contest the approval of the Settlement or, if approved, the judgment to be entered approving the Settlement, Class Counsel's application for an award of attorneys' fees, reimbursement of litigation expenses, and incentive award, unless that person submitted an objection in writing by _____, 2022 [90 days after preliminary approval](the *Objection Deadline*).

Any Class member who does not make his, her, or its objection in the time and manner provided for herein shall be deemed to have waived such objection and shall forever be barred from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, to entry of the Final Approval Order and Judgment of Dismissal, or to Class Counsel's application for an award of attorneys' fees, costs, and expenses and for named plaintiff incentive award. By objecting, or otherwise requesting to be heard at the Final Approval Hearing, a person shall be deemed to have submitted to the jurisdiction of the Court with respect to the objection or request to be heard and the subject matter of the Settlement, including, but not limited to, enforcement of the terms of the Settlement.

For an objection to be considered by the Court, the objection must include the following: the Class member's full name, signature, address, email address, and telephone number; an explanation of the basis upon which the objector claims to be a Class member; whether the objection applies only to the objector, to a specific subset of

the class, or to the entire class, and the reasons for the objection, accompanied by any legal or factual support for the objection; proof of your membership in the class (proof of your membership in the class includes a copy of your drivers' license, proof of your address, such as a utility bill, or tax bill); the name of counsel for the objector (if any), including any former or current counsel who may seek or receive compensation for any reason related to the objection; the case name and civil action number associated with any other objections the objector or their counsel have made in any other class-action cases in the last four years; and whether the objector intends to appear at the Final Approval Hearing on their own behalf or through counsel.

Any Class member who timely and properly objects may appear at the Final Approval Hearing, either in person or through an attorney hired at the Class member's expense. Any objector who wishes to present evidence at the Final Approval Hearing must include in their written objection(s) the identity of any witness(es) they may call to testify and copies of any exhibit(s) they intend to offer at the hearing. Counsel for any objector must enter a Notice of Appearance no later than 14 days before the Final Approval Hearing.

Attendance at the Final Approval Hearing is not necessary, but persons wishing to be heard orally in connection with approval of the Settlement and/or the application for an award of attorneys' fees, reimbursement of expenses, and incentive award must indicate in their written objection their intention to appear at the hearing.

### **Exclusions from the Class**

The Court finds that in light of the prior opportunity to opt out of the class certified by the Court on May 1, 2018 [ECF No. 132], as modified by orders dated May 22, 2018 [ECF No. 141], and August 3, 2018 [ECF No. 158], a second opt-out opportunity is not warranted, and no member of the Class shall be permitted to opt out of the Class.

No Party or counsel to a Party in this Litigation shall have any liability to any Class member for any action taken substantially in accordance with the terms of this Order.

## Reservation of Jurisdiction

The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

## Schedule and Deadlines

The Court orders the following schedule for the specified action and further proceedings:

| Event | Proposed Deadline |
| --- | --- |
| Entry of preliminary approval order | _____, 2022 ("Preliminary Approval Date") |
| Deadline to mail notice, email notice where email addresses are available, and post notice on www.omahalifeinsuranceclassaction.com | _____, 2022 [7 days after Preliminary Approval Date] |
| Plaintiff to move for final approval and attorneys' fees, reimbursement of litigation expenses, and incentive award | _____, 2022 [60 days after Preliminary Approval Date] |
| Objection Deadline | _____, 2022 [90 days after Preliminary Approval Date] |
| Plaintiff to file reply in support of final approval, motion for final approval of the settlement and attorneys' fees, reimbursement of litigation expenses, and incentive award, and to respond to any objection | _____, 2022 [110 days after Preliminary Approval Date] |
| Fairness Hearing | _____, 2022 @ 9:30 a.m. [ not earlier than 120 days after Preliminary Approval Date] |

Dated: _____, 2022

The Honorable Dolly M. Gee
United States District Judge

Presented by:

Christopher Pitoun
christopherp@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7150

Joseph M. Vanek
jvanek@sperling-law.com
John P. Bjork
jbjork@sperling-law.com
SPERLING & SLATER, P.C.
55 W. Monroe Street, Suite 3200
Chicago, IL 60603
Telephone: 312-641-3200

Jason A. Zweig
jaz@kellerlenkner.com
KELLER LENKNER LLC
150 N. Riverside Plaza
Suite 4270
Chicago, IL 60606
Telephone: (312) 216-8667

David S. Klevatt
david@insurancelawyer.com
KLEVATT & ASSOCIATES, LLC
77 West Wacker Drive, Suite 4500
Chicago, IL 60602-2619
Telephone: (312) 782-9090

*Attorneys for Plaintiff and the Class*