UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JENNIFER BENTLEY,

    Plaintiff,

v.

UNITED OF OMAHA LIFE INSURANCE CO.,

    Defendant.

No. 15-cv-07870-DMG (AJWx)

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS-ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND FOR A NAMED PLAINTIFF SERVICE AWARD

Having considered all papers filed in connection with the Final Approval Hearing, including Plaintiff Jennifer Bentley's (*Plaintiff*) Motion for Final Approval of Class Action Settlement, and Motion for Attorneys' Fees and Costs and Class Representative Service Awards, and statements made at the Final Approval Hearing, and upon good cause shown,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Final Order and Judgment (*Judgment*), unless otherwise defined herein, adopts all defined terms as set forth in the Settlement Agreement dated December 23, 2021 (*Settlement*) filed in this action (Doc. 227-2).

2. The Court has jurisdiction over all claims asserted in the Action, Plaintiff, Class Members and Defendant, United of Omaha Life Insurance Company (*Defendant*).

3. In orders dated May 1, 2018 [Doc. # 132], May 22, 2018 [Doc. # 141], and August 3, 2018 [Doc. # 158], the Court previously found that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied in this case, and has certified the class.

4. The Court finds that the Settlement was made and entered into in good faith and hereby approves the Settlement as fair, adequate, and reasonable to all Class Members. No objections were submitted, which further supports the finding that the Settlement is fair, adequate, and reasonable. Any Class Members who have not timely and validly requested exclusion from the Class are thus bound by this Judgment.

## Class Notice

5. Notice to Class Members has been completed in conformity with the terms of the Court's March 17, 2022 Preliminary Approval Order (Doc. 230). The Court finds that said notice was the best notice practicable under

the circumstances. The Notice provided due and adequate notice to Class Members of the proceedings and of the matters set forth therein, including the Settlement, and the manner by which objections to the Settlement could be made. The Notice fully satisfied the requirements of due process.

## Objections and Requests for Exclusion

6. No objections to the Settlement were submitted by Class Members in accordance with the requirements set forth in the Stipulation and Notice of Class Action Settlement.

7. The Court finds that one Class Member previously submitted a valid and timely Request for Exclusion and therefore is not bound by the terms of the Settlement or this Order. That Class Member is: Michelle London.

## Release of Claims

8. Plaintiff and all other Class Members shall have, by operation of this Order, fully, finally, and forever released, relinquished, and discharged the Released Parties from the following Released Claims:

> Upon timely performance by Defendant of all of its obligations as set out in this Agreement, Plaintiff and the members of the certified class do hereby release and forever discharge Defendant and its parents, subsidiaries, affiliates, officers, directors, partners, predecessors, successors, representatives, insurers, reinsurers, assignees, employees acting within the scope of their employment, executors, administrators, heirs, and all other persons acting by, through, or in any way on behalf of Defendant (the "Released Parties"), of and from any and all claims, debts, defenses, liabilities, costs, attorneys' fees, actions, suits at law or equity, demands, contracts, expenses, damages, whether general, specific, punitive, exemplary, contractual or extra-contractual, and causes of action of any kind or nature which Plaintiff and the class have arising from or relating in any way to any conduct alleged or that could have been alleged in and arising from the factual predicate of the Litigation, from the beginning of time through the Effective Date, but excluding any and all

representations, warranties, obligations, duties and covenants arising from this Agreement (the "Released Claims").

9. Except as to any individual claim of the person who previously validly and timely requested exclusion from the Certified Class, as listed in paragraph 7 of this Order, the Action is dismissed with prejudice.

### Payments Pursuant to the Stipulation

10. The Court finds that the Gross Class Settlement Amount, the Net Settlement Amount, and the methodology used to calculate and pay each Class Member's Individual Settlement Payment are fair and reasonable, and authorizes Class Counsel to pay the Individual Settlement Payments to the Class Members in accordance with the proposed methodology. For avoidance of doubt, no further order of the Court is required for Class Counsel to send payments to Class Members calculated using the proposed methodology.

11. If an Individual Settlement Payment check remains uncashed after 180 days from issuance, Class Counsel shall pay over the amount represented by the Individual Settlement Payment check to the California State Controller's Office Unclaimed Property Fund, with the identity of the Class Member to whom the funds belong. In such event, the Class Member shall nevertheless remain bound by the Settlement.

12. Plaintiff shall be paid a Class Representative Service Payment in the amount of $10,000.00 from the Settlement Amount in accordance with the terms of the Stipulation. The Court finds this amount to be fair and reasonable and sufficiently supported.

13. Class Counsel's motion for attorneys' fees and costs is GRANTED insofar as the Court awards attorneys' fees in an amount equal to 33.3% of the common fund. Thus, Class Counsel shall be paid $999,000 as their attorneys' fees and $43,948.31 for reimbursement of costs and expenses

from the Settlement. The Court finds these amounts to be fair and reasonable and sufficiently supported.

14. Lead Class Counsel shall have sole authority to divide the awarded attorneys' fee and reimbursement of expenses among other Plaintiff's counsel. For the avoidance of doubt, no further order of the Court is required for Class Counsel to distribute the attorneys' fees and reimbursement of expenses to Plaintiff's counsel.

### Other Provisions

15. The Parties shall implement the Settlement according to its terms.

16. The Court reserves exclusive and continuing jurisdiction over the Action, Plaintiff, the Class Members, and Defendant for purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Settlement and this Judgment.

17. The Court hereby enters judgment for Plaintiff and the Class Members in accordance with the terms of the Stipulation, and this Order is a final and appealable Order.

18. If the Settlement does not become final and effective in accordance with its terms, this Judgment shall be rendered null and void and shall be vacated and, in such event, all related orders entered and all releases delivered in connection herewith also shall be rendered null and void.

**IT IS SO ORDERED:**

Dated: _____

The Hon. Dolly M. Gee
United States District Judge

4