# Exhibit 1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER BENTLEY, as trustee of the 2001 Bentley Family Trust, and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED OF OMAHA LIFE INSURANCE CO.,<br><br>Defendant, | No. 15-cv-07870-DMG (AJWx)<br><br>**DECLARATION OF JOSEPH M. VANEK IN SUPPORT OF CLASS PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**<br><br>Date: July 29, 2022<br>Time: 10 a.m.<br>Judge: Hon. Dolly M. Gee<br>Courtroom: 8C |

I, Joseph M. Vanek, hereby declare as follows:

1. I am an attorney licensed to practice before the courts of Illinois and the Commonwealth of Massachusetts, and a partner in the law firm of Sperling & Slater, P.C. I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would testify competently to them. I make this declaration in support of my firm's request for attorneys' fees and reimbursement of litigation expenses, as set forth in Plaintiffs' motion for attorneys' fees, expenses, and service awards.

2. My firm is counsel of record in this case and represents named Plaintiff, Jennifer Bentley, the class representative, and the class this Court has certified. My firm's biographies for the principal attorneys working on this case were attached to our previous motion for fees, costs and an incentive award ("Prior Petition") that this Court granted in large part following entry of summary judgment in favor of the Class (ECF No. 183-2 at 7-14 of 17).

3. At the time I first began working on this matter, I was the managing partner of Vanek, Vickers & Masini, P.C. On January 1, 2019, my practice group joined Sperling & Slater, P.C. who was also actively working on this matter. This declaration presents the time and expenses for both my prior firm, Vanek, Vickers & Masini, P.C., and current firm Sperling & Slater, P.C. (referred to herein collectively as "Sperling & Slater").

4. Throughout the course of this litigation, counsel carefully coordinated their activities to avoid engaging in duplicative work.

5. As co-lead counsel, we took primary responsibility for running the litigation and generally handled most of the non-Plaintiff-specific work on behalf of the Class.

6. Each co-counsel firm was responsible for work specific to Plaintiff and other specific case issues. In addition, co-counsel assisted in review of documents, preparation

1

of pleadings, and strategy. Again, with respect to this effort, as co-lead counsel we were careful to assign discrete and non-overlapping tasks to each firm in order to avoid duplicative work.

7. During the course of the litigation, my firm performed, among others, the following tasks:

<u>Before Court's Summary Judgment Ruling</u>

    a. Legal analysis of the claims for purpose of amended complaints, motion to dismiss response, class certification and summary judgment.

    b. Preparation of the amended complaints.

    c. Preparation of discovery, including document requests, interrogatories, requests for admission, and depositions, and all meet and confer conferences regarding same.

    d. Preparation of discovery motions with respect to Defendant's document production, interrogatory answers and entry of an ESI order.

    e. Preparation of Opposition to Motion to Dismiss and premature Motion to Deny Class Certification filed by the Defendant.

    f. Preparation of the Motion for Class Certification and related briefing.

    g. Preparation of Class Notice.

    h. Preparation of Plaintiffs' Motion for Summary Judgment and Opposition to Defendants' Cross Motion for Summary Judgment and related briefing.

    i. Preparation for and presentation of oral argument on Motions for Class Certification and Summary Judgment.

      j.    Preparation of various scheduling and other agreed orders and management of the day to day litigation.

<u>After Court's Summary Judgment Ruling</u>

      k.    Preparation of the stipulated judgment between the parties.

      l.    Principal drafting of merits sections of appellate briefing before the Ninth Circuit.

      m.    Preparation for oral argument on appeal and cross-appeal before the Ninth Circuit.

      n.    Preparation for and participation in mediation, including preparation of mediation statements.

      o.    Drafting of motion for indicative ruling, motion for limited remand and other settlement-related pleadings and materials.

8. My firm regularly prepared and maintained files contemporaneously documenting all time spent, including tasks performed, and expenses incurred. All of the time and expenses reported by my firm were incurred for the benefit of this litigation. The role and contributions of the principal attorneys from Sperling & Slater involved in the litigation are as follows:

- <u>Joseph M. Vanek.</u> Mr. Vanek directed all activities of the firm described in more detail below and was involved to varying degrees with every aspect of the case. Mr. Vanek's work was particularly focused on (i) preparation of the amended complaints, (ii) litigation strategy, (iii) class certification, (iv) summary judgement motions and responses, and (v) appellate strategy.
- <u>Mitchell H. Macknin.</u> Mr. Macknin provided senior litigation counsel on all key aspects of the matter. This included (i) strategizing and editing the statement of the class claims, class definition, discovery requests (to parties and non-parties), briefing of the multiple motions to dismiss, case reports and

schedules, class certification briefing, and summary judgment briefing; (ii) strategizing the appeal and cross-appeal, including the response to the motion to stay enforcement, bond issues, framing of the issues of pre- and post- judgment interest, response to the motion to consolidate appeals, and preparation for oral argument; (iii) strategizing the negotiation of the settlement, including the mediation, settlement agreement, motion to correct judgment, stipulated judgment, and motion to approve the settlement; and (iv) monitoring pertinent legislative developments.

- John P. Bjork. Mr. Bjork managed the day to day aspects of the litigation. His efforts included, *inter alia*: (i) drafting the amended complaints; (ii) drafting written discovery; (iii) conducting multiple Defendant depositions; (iv) responding to Defendant's motions to dismiss and for de-certification; (v) preparing motions to compel; (vi) drafting class certification papers and preparing for and leading oral argument on class certification; (vii) drafting summary judgment papers and preparing for and leading oral argument on summary judgment; (viii) leading numerous meet and confer teleconferences with defense counsel regarding a variety of discovery and other issues; (ix) drafting significant aspects of the appellate papers and preparing for appellate oral argument; (x) drafting mediation submissions and conducting settlement negotiations through mediator and directly with defense counsel; and (xi) drafting motion for indicative ruling and limited remand for purpose of settlement approval.

- Nathan A. Shev. Mr. Shev provided counsel regarding the appeal. His work included assisting with appellate strategy and working on all aspects of the appellate briefs.

- Martin Amaro. Mr. Amaro provided general litigation support, including, (i) fact investigation related to class member identification, (ii) legal research, (iii) drafting support for appellate papers, and (iv) communications with settlement class members.

9. Detailed time and expense records supporting this summary information are available, if requested by the Court.

10. Sperling & Slater's combined lodestar is $1,311,304.02 and its combined litigation expenses are $30,173.17 for a total investment of $1,341,477.19. This total combined lodestar was calculated by adding the amount of lodestar previously approved by the Court[1] and the additional lodestar incurred since the date of the Prior Petition. A breakdown of the lodestar by the primary lawyers or paralegals involved in this litigation through the date of our Prior Petition can be found at ECF No. 183-2 at 15-17. A breakdown of the lodestar incurred since the date of the Prior Petition – May 24, 2019 - is as follows:

| Name | Hours | Blended Rate | Total |
|---|---|---|---|
| J. Vanek | 91 | ~$955 | $86,824.00 |
| M. Macknin | 144 | ~$825 | $118,576.00 |
| J. Bjork | 545 | ~$655 | $355,545.00 |
| N. Shev | 114 | ~$535 | $60,990.00 |
| M. Amaro | 41.8 | ~$570 | $23,735.50 |
| D. Fan (Paralegal) | 13.1 | ~$330 | $4,328.50 |
| TOTAL HOURS | 948.9 | TOTAL FEES | $649,999.50 |

The lodestar above is based on historic rates. The Blended Rate column reflects the average rate for each individual calculated by dividing each individuals' historic lodestar by the number the number of hours billed since

---

[1] In its Prior Fee Award Order, the Court reduced Counsels' time by 30%. The numbers above reflect this reduction.

5

our Prior Petition. Sperling & Slater, P.C. has historically increased its standard hourly rates at the start of each fiscal year. The hourly rates provided for my firm's attorneys and professional support staff are the same as our usual and customary hourly rates. My firm handles both contingency cases and hourly work for paying clients and the rates represent i) standard rates charged to clients in similar matters or, ii) for counsel that work overwhelmingly on contingency matters, the rates charged for their services on a contingent basis in similar complex class action litigation. Our rates were previously deemed reasonable by this Court [ECF 197 at 8-9 of 15] and have been approved by courts in other class action cases as well.[2]

11. The expenses incurred are the type of expenses typically billed by attorneys to paying clients in the marketplace. My declaration in connection with our Prior Petition included a detailed breakdown of our firm's expenses through 5-24-19 (ECF 183-2 at 16-17 of 17). Our firm's limited additional expenses since then are for travel ($1,810.86), filing and delivery fees ($271.51), hosting charges to review documents produced in the case ($432) computerized legal research ($1,591.76) and fees paid to a private investigator to confirm class member contact information ($1961.05).

---

[2] *See, e.g., In Re Intuniv Antitrust Litigation*, 16-cv-12653-ADB (D. Mass); *In Re Restasis Antitrust Litigation*, 18-md-2819 (E.D. NY); *In re Glumetza Antitrust Litig.*, 3:19-cv-05822 (N.D. Cal.). The rates approved in these cases were the firm's standard hourly rates in effect at the time the work was performed.

WHEREFORE, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 17th day of May, 2022.

_____
Joseph M. Vanek