# Exhibit 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER BENTLEY, as trustee of the 2001 Bentley Family Trust, and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED OF OMAHA LIFE INSURANCE CO.,<br><br>Defendant, | No. 15-cv-07870-DMG (AJWx)<br><br>**DECLARATION OF DAVID S. KLEVATT IN SUPPORT OF CLASS PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND SERVICE AWARDS**<br><br>Date: July 29, 2022<br>Time: 10 a.m.<br>Judge: Hon. Dolly M. Gee<br>Courtroom: 8C |

I, David S. Klevatt, declare as follows:

1. I am an attorney licensed to practice before the courts of Illinois, am admitted *Pro Hac Vice* in this matter, and a partner in the law firm of Klevatt & Associates, LLC. I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would testify competently to them. I make this declaration in support of my firm's request for attorneys' fees and reimbursement of litigation expenses, as set forth in Plaintiffs' motion for attorneys' fees, expenses, and service awards.

2. My firm is counsel of record in this case and represents named Plaintiff, Jennifer Bentley, the class representative, and the Class this Court has certified. My firm's biographies for the principal attorneys working on this case were attached to our previous motion for fees, costs and an incentive award ("Prior Petition") that this Court granted in large part following entry of summary judgment in favor of the Class (ECF No. 183-2). This declaration presents the consolidated time and expenses for the firm, Klevatt & Associates, LLC.

3. Throughout the course of this litigation counsel carefully coordinated their activities to avoid engaging in duplicative work.

4. As the initial and primary counsel for Ms. Bentley personally, we were responsible for the initial research and legal theory that the Statutes applied and were violated. We conducted the initial settlement discussions with Defendant's in-house counsel and presented our claims to the California Department of Insurance. Throughout the litigation and used our extensive experience in the area of insurance law to guide the substantive areas of the litigation. In addition, we were the primary point of contact for Ms. Bentley, the Plaintiff and Class representative.

5. Each co-counsel was responsible for work specific to our clients and certain other Class members and assisted in review of documents,

preparation of pleadings, and strategy with a distinct effort to avoid overlapping tasks and avoid duplicative work.

6. During the course of the litigation, my firm performed the following tasks:

    a. Initial legal analysis and legal research of the Statutes, claims and demands upon Defendant.

    b. Communications with the California Department of Insurance.

    c. Initial communications with Defendant's in-house counsel to attempt to resolve the dispute.

    d. Review and revisions of the initial Complaint and Amended Complaints.

    e. Review and revisions of discovery, including document requests, interrogatories, requests for admission, subpoenas, and depositions, and meet and confer conferences regarding same.

    f. Review and revisions of discovery motions.

    g. On-going team assistance in the area of insurance coverage and insurance company operations.

    h. Review and revisions of Opposition to Motion to Dismiss and premature Motion to Deny Class Certification filed by the Defendant.

    i. Preparing class representative Jennifer Bentley to testify at deposition and defense of her deposition.

    j. Review and revisions of the Motion for Class Certification and related briefing.

  k. Review and revisions of Plaintiffs' Motion for Summary Judgment and Opposition to Defendants' Cross Motion for Summary Judgment and related briefing.

  l. Participation in oral argument on Motions for Class Certification and Summary Judgment.

  m. Drafting sections of the cross appeal and responding to Defendant's appeal in the Ninth Circuit.

  n. Review and revision of appellate briefings.

  o. Ongoing legal research concerning California law and rulings on the Statutes.

  p. Participating in settlement negotiations, mediation and review and revisions of the Settlement Agreement.

7. My firm regularly prepared and maintained files contemporaneously documenting all time spent, including tasks performed, and expenses incurred. All of the time and expenses reported by my firm were incurred for the benefit of this litigation. The role and contributions of the attorneys from Klevatt & Associates, LLC involved in the litigation are as follows:

- <u>David S. Klevatt:</u> Mr. Klevatt was the initial counsel involved in this case from the inception and managed the insurance coverage aspects of the litigation. His efforts included, *inter alia*: (i) Initial legal analysis and legal research of the Statutes; communications with the California Department of Insurance; initial communications with Defendant's in-house counsel to attempt to resolve the dispute; review and revisions of the initial Complaint and Amended Complaints; (ii) drafting and revising written discovery; (iii) defense of Plaintiff's deposition and assistance in preparation of Defendant depositions; (iv) responding to Defendant's motions to dismiss; (v) reviewing and revising summary judgment papers and preparing for and participating in oral argument on summary judgment; (vi)

3

drafting significant aspects of the appeal and cross-appeal legal arguments and assisting counsel for appellate oral argument; (vii) reviewing and assisting mediation submissions and conducting settlement negotiations; and (viii) primary responsibility to communicate, inform and counsel Plaintiff and Class Representative.

- Timothy M. Howe. Mr. Howe, a partner in Klevatt & Associates, LLC, provided senior litigation counsel on key aspects of the matter. This included (i) strategizing and editing discovery requests, briefing of the multiple motions and summary judgment briefing; (ii) strategizing the appeal and cross-appeal; (iii) registration of the initial judgment, bond issues, consideration of pre- and post- judgment interest issues; (iii) strategizing the negotiation of the settlement, including the mediation and settlement agreement.

8. Detailed time and expense records supporting this summary information are available, if requested by the Court.

9. Klevatt & Associates, LLC's lodestar is $342,261.20, and its litigation expenses are $1000[1], for a total investment of $343,261.20. A breakdown of the lodestar by lawyer involved in this litigation follows:

David S. Klevatt $338,446.90

Timothy M. Howe $3,814.30

The total number of hours reasonably expended on this litigation by my firm from inception to May 1, 2022 is 577.20 hours. The total lodestar for my firm is $342,261.20. The hourly rates provided for my firm's attorneys and professional support staff are the same as our usual and customary hourly rates. My firm handles both contingency cases and hourly work for paying clients and the rates represent i) standard rates charged to clients in similar

---

[1] Our firm incurred some additional expenses, but we acknowledge the Court's Prior Fee Order reimbursing our firm $1,000 in expenses and do not seek reimbursement beyond that amount.

4

matters or, ii) for counsel that work overwhelmingly on contingency matters, the rates charged for their services on a contingent basis in similar complex class action litigation

WHEREFORE, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 17th day of May, 2022

*David S Klevatt*
David S. Klevatt